## NATIONAL LIVE STOCK BANK OF CHICAGO *v.* FIRST NATIONAL BANK OF GENESEO.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 33. Argued October 17, 18, 1906.—Decided December 3, 1906.

The proper way to review judgments in actions at law of the Supreme Court of the Territory of Oklahoma where the case was tried without a jury is by writ of error, not by appeal.

The objection that the Supreme Court of Oklahoma found no facts upon which a review can be had by this court is untenable, where it appears that the case was before that court a second time and that in its opinion it referred to and adopted its former opinion in which it had made a full statement and findings of fact.

The endorsement and delivery before maturity of a note secured by a chattel mortgage by the payee transfers not only the note but by operation of law

the ownership of the mortgage which has no separate existence; and such a chattel mortgage if recorded, although the assignment thereof was not recorded, remains a lien on the property, superior to that of subsequent mortgages even though the original payee may, without authority and after the transfer, have released the same, if the law of the State in which the mortgage was given does not require the assignment of chattel mortgages to be recorded.

Under the law of Kansas there is no statute making it necessary to record or file the assignment of a chattel mortgage in order to protect the rights of the assignee thereof.

An assignee does not lose his rights under a mortgage by not recording or filing it, unless there is a law which either in express terms or by implication provides therefor; where there is no such statute it is not necessary, nor is it the duty of the assignee to record or file a mortgage.

The rights of the holder of a chattel mortgage over the property after the same has been removed to another State are determined by the law of the State where the property was when the mortgage was given.

THIS is an action of replevin, brought by the plaintiff in error against the defendant in error, in the District Court of Woodward County in the then Territory of Oklahoma, to recover possession of certain cattle, once belonging to one W. B. Grimes and by him mortgaged. The trial resulted in a judgment for the defendant, which was affirmed by the Supreme Court of the Territory, and the plaintiff has brought the case here by writ of error.

The action has been twice tried. The first trial ended in a judgment for the plaintiff. Upon appeal to the Supreme Court of the Territory it was reversed and the case remanded, and a second trial had, resulting in the judgment for defendant now under review. Upon the second appeal to the Supreme Court of the Territory a brief opinion was given, in which it was stated that upon appeal from the first judgment the court had "promulgated an opinion, in which it made a full statement and findings of facts and enunciated the law as applied thereto, reversed the judgment of the lower court, and remanded the case, directing a new trial." 76 Pac. Rep. 130. The court also stated in its opinion on the second appeal that it had been agreed upon between the parties in the trial court that a jury should be waived and the case submitted on the record as made

on the first trial, and that "no new question is raised on this appeal. The record is the same as stated in our former opinion, and we are fully satisfied with the law as therein declared. The judgment of the lower court is hereby affirmed at the cost of appellant."

The following facts were found by the Supreme Court on the first appeal, and were adopted by it as the facts for review on the second appeal:

One W. B. Grimes, who at the time was a resident of Clark County, in Kansas, executed at that place, on the twenty-seventh day of June, 1900, and delivered to Siegel-Sanders Live Stock Commission Company his negotiable promissory note for $11,111.23, due November 1, 1900, with interest from maturity at the rate of eight per cent per annum. To secure the payment of this note he executed and delivered a chattel mortgage to the payee of the note on five hundred and twenty-six cattle then in the county, and the mortgage was duly filed in the office of the register of deeds of Clark County on July 12, 1900. The note was then indorsed and delivered by the payee to the Geneseo Bank, the defendant in error. It does not appear that there was any separate assignment of the mortgage. No record of any assignment was ever made in the register's office of Clark County, Kansas. On the twenty-fourth day of November, 1900, although the Siegel-Sanders Company had already sold and delivered the note for $11,111.23 to the Geneseo Bank, the defendant in error, yet notwithstanding such sale the president of that company, Frank Siegel, without any authority, filed in the office of the register of deeds a pretended release of the mortgage, in which payment of the above debt was acknowledged.

On the twenty-fifth day of February, 1901, the Chicago Cattle Loan Company caused its agent to examine the records of Clark County as to chattel mortgages against Grimes, and upon this examination he found the record clear, except as to a mortgage executed by Grimes to the Siegel-Sanders Live Stock Company, October 24, 1900, and by it assigned to the

Chicago Cattle Loan Company, and True so reported to the last-named company.

On April 17, 1901, Grimes executed two other notes to the Siegel-Sanders Company for $7,694.70 each, due October 27, 1901. These notes were probably renewals of notes previously given. To secure the payment of these two notes Grimes at the same time executed and delivered a chattel mortgage to the Siegel-Sanders Company on the cattle in question and other cattle. The two notes thus given were then sold by that company to the plaintiff in error for the amount named in the notes, and the plaintiff believed at the time it bought these notes that the mortgage securing them was the first lien on the cattle, and it secured this information through its agent, who personally examined the record.

It is further stated in the finding that there was practically no dispute as to the facts, and that the trial court expressly found that both parties to this action acted in good faith.

The release of the first mortgage, signed by the president of the Live Stock Commission Company and filed in the office of the register of deeds, as above stated, on November 24, 1900, was not acknowledged.

After the execution of these various instruments, and between the twenty-fifth of April and the first of May, 1901, without the knowledge or consent of either of the banks, parties to this suit, Grimes, the original owner of the cattle, moved them from the State of Kansas to the county of Woodward, in the Territory of Oklahoma, at which latter place, between the nineteenth and twentieth of May, 1901, they were seized and taken possession of by the Geneseo Bank, the defendant. The plaintiff, within one year from the filing of the first mortgage, dated June 27, 1900, in the office of the register of deeds of Clark County, Kansas, commenced this suit in replevin in the District Court of Woodward County, Oklahoma, to recover possession of the cattle, claiming under the mortgage which was executed and delivered to the Siegel-Sanders Company on April 17, 1901, and by it sold to plaintiff; while the

defendant claimed under the mortgage dated June 27, 1900, a pretended release of which had been filed as already stated, but after the assignment to defendant.

Upon these facts, as found by the Supreme Court of Oklahoma, judgment was rendered for the defendant in error.

*Mr. Silas H. Strawn*, with whom *Mr. Frederick S. Winston, Mr. John Barton Payne, Mr. Ralph M. Shaw, Mr. Blackburn Esterline* and *Mr. Earle W. Evans* were on the brief, for plaintiff in error:

The failure of the Geneseo Bank to take and record an assignment of the chattel mortgage left it within the power of the commission company to release the same of record. The Geneseo Bank should abide by the consequences of its negligence and sustain the loss, as it is the law that when one of two innocent parties must suffer, the loss should be borne by him through whose negligence it was brought about. Dassler's Stat. of Kansas, § 4234, par. 19; § 4241, par. 26, app.; *Lewis* v. *Kirk*, 28 Kansas, 356; *Thomas* v. *Reynolds*, 29 Kansas, 217; *Parkhurst* v. *First Nat. Bank*, 35 Pac. Rep. 1116; *Williams* v. *Jackson*, 107 U. S. 478; *Swasey* v. *Emerson et al.*, 46 N. E. Rep. 426; *Ogle* v. *Turpin*, 102 Illinois, 148; *Mann* v. *Jummel*, 183 Illinois, 533; *Lennartz* v. *Quilty*, 191 Illinois, 174; *Bowling* v. *Cook*, 39 Iowa, 200; *Rand, Ex'r*, v. *Barrett*, 24 N. W. Rep. 530; *Jenks* v. *Shaw*, 68 N. W. Rep. 900; *Purdy* v. *Huntington*, 42 N. Y. 339; *Van Keuren* v. *Corkins*, 66 N. Y. 79; *Clark* v. *Mackin*, 95 N. Y. 345; *Porter* v. *Ourada*, 71 N. W. Rep. 52; *Conn. Mutual Life Ins. Co.* v. *Talbot*, 113 Indiana, 373; *Baugher* v. *Woolen*, 45 N. E. Rep. 94; *Ayers* v. *Hays*, 60 Indiana, 455; *Morris* v. *Beecher*, 45 N. W. Rep. 696; *Pickford* v. *Peebles*, 63 N. W. Rep. 779; *Banking Co.* v. *Woodruff*, 2 N. J. Eq. 117; *Ferguson* v. *Glassford et al.*, 35 N. W. Rep. 820; *Jones on Mort.*, §§ 481, 791, 820; Cobbey on Chattel Mort., § 648; *Townsend* v. *Little*, 109 U. S. 504.

The execution, filing and recording of the release of the chattel mortgage by the commission company, in whom the

record title to the cattle stood, was a notice to all the world that the debt secured by the mortgage had been paid and that the cattle were cleared of the lien. Dassler's Stat. of Kansas, § 4251, par. 36; § 4221, par. 6; § 4224, par. 9; § 4249, par. 34; § 4222, par. 7 (app.); *Carpenter* v. *Longan,* 16 Wall. 271, citing *Pierce* v. *Faunce,* 47 Maine, 513; *Drum-Flato Com'n Co.* v. *Barnard,* 66 Kansas, 568.

*Mr. James S. Botsford,* with whom *Mr. Buckner F. Deatherage* and *Mr. Odus G. Young* were on the brief for defendant in error:

This case should have been brought to this court by appeal and not by writ of error, and the writ of error should be dismissed. *Stringfellow* v. *Cain,* 99 U. S. 610; *Davis* v. *Fredericks,* 104 U. S. 618; *Neslin* v. *Wells,* 104 U. S. 428; *Hecht* v. *Boughton,* 105 U. S. 235; *United States* v. *Railroad Co.,* 105 U. S. 263; *Gray* v. *Howe,* 108 U. S. 12; *Story* v. *Black,* 119 U. S. 235; *Idaho Land Co.* v. *Bradbury,* 132 U. S. 509, 513; *Gregory Mining Co.* v. *Starr,* 141 U. S. 222; *San Pedro Co.* v. *United States,* 145 U. S. 130; *Mining Co.* v. *Machine Co.,* 151 U. S. 447; *Bonnifield* v. *Price,* 154 U. S. 672; *Hawes* v. *Mining Co.,* 160 U. S. 303; *Grayson* v. *Lynch,* 163 U. S. 468; *Young* v. *Amy,* 171 U. S. 179; *Marshall* v. *Burtis,* 172 U. S. 630; *Cohn* v. *Daly,* 174 U. S. 539.

Even if this case were here on appeal instead of by writ of error, this court is without jurisdiction to consider the case, because there is no finding of facts in the nature of a special verdict by either the Supreme Court of Oklahoma or the District Court of Woodward County, Oklahoma. This is necessary to give this court jurisdiction. The statement of facts in the opinion of the Oklahoma Supreme Court on the first hearing does not constitute a finding of facts in the nature of a special verdict. *Dickinson* v. *Bank,* 16 Wall. 250; *Lahner* v. *Dickson,* 148 U. S. 71, 74; *Saltonstall* v. *Birtwell,* 150 U. S. 417; *Stone* v. *United States,* 164 U. S. 380; *Kentucky Life Ins. Co.* v. *Hamilton,* 63 Fed. Rep. 93; *Minchen* v. *Hart,* 72 Fed. Rep. 294;

*National Masonic Ass'n* v. *Sparks*, 83 Fed. Rep. 225; *Mutual Reserve Ass'n* v. *DuBois*, 85 Fed. Rep. 586.

On the facts shown by the record in this case and recited in our statement of facts, the Chicago Bank was not a subsequent purchaser *bona fide* for value without notice of its notes and mortgages. 1 Ency. Plead. & Prac., p. 880; *Boone* v. *Childs*, 10 Pet. 177, 211; Vol. 2 Pomeroy Eq. Jurisp., 2d ed., § 784; *Holdsworth* v. *Shannon*, 113 Missouri, 508, 524; *Ins. Co.* v. *Smith*, 117 Missouri, 261, 293.

It is conceded that the Geneseo Bank had no actual knowledge of the filing of the release or of the filing of the mortgage under which the Chicago Bank claims. That release and the mortgage of the Chicago Bank were filed and recorded months after the filing and recording of the mortgage of the Geneseo Bank. It is well settled that a prior mortgagee is not affected with constructive notice of any instrument made and filed by his mortgagor subsequent to the filing of his mortgage. *Tydings* v. *Pitcher*, 82 Missouri, 379; *Meier* v. *Meier*, 105 Missouri, 412, 433; *Sensenderfer* v. *Kemp*, 83 Missouri, 582; *Ford* v. *Church Ass'n*, 120 Missouri, 498, 516; 2 Jones on Mort., § 1624.

The general principle applicable to the registry laws of the different States upon the point of notice is that the registering of instruments is notice to subsequent purchasers and encumbrancers only. The filing for record of the unauthorized and void release of the mortgage held by the Geneseo Bank and the filing for record of the mortgage held by the Chicago Bank were, therefore, not notice to the Geneseo Bank which held under a prior recorded mortgage. *Ackerman* v. *Hennicker*, 85 N. Y. 43, 50; Gen. Stat., Kansas, 1899, Dassler's Comp., § 4060, p. 842; *Rowen* v. *Mfg. Co.*, 29 Connecticut, 282, 325; *Schmidt* v. *Zahrndt*, 148 Indiana, 447; *Tapia* v. *Deamartini*, 77 California, 383; *Nelson* v. *Boyce*, 7 J. J. Mar. (Ky.) 401; *Ward* v. *Cooke*, 17 N. J. Eq. 93, 99; *Shirras* v. *Craig*, 7 Cranch, 34, 51; *Trust Co.* v. *Iron Works*, 51 N. J. Eq. 605; *Summers* v. *Roos*, 42 Wisconsin, 778; *Witzzinski* v. *Everman*, 51 Mississippi,

841; *George* v. *Wood,* 9 Allen, 80; *McDaniels* v. *Cohn,* 16 Vermont, 300, 306; *Seymour* v. *Darrow,* 31 Vermont, 122, 134.

While the real estate mortgage laws of Kansas contain ample provisions for the assignment of a real estate note and mortgage, no provision has ever been enacted authorizing or permitting the making and recording of an assignment of a chattel mortgage, and there has been no law at any time in that State which authorized or permitted the Geneseo Bank to obtain and record an assignment of its chattel mortgage. Dassler's Statutes of Kansas, 1899, pp. 842–845, §§ 4060–4078. For statutes of Kansas, relating to real estate mortgages containing the provision authorizing the filing and recording of assignments of real estate mortgages, see pp. 837–842. Where there is no law authorizing the holder of a negotiable note secured by a mortgage to put on the record an assignment of the mortgage, the subsequent release of that mortgage by the original mortgagee and the subsequent conveyance or mortgage by the mortgagor to a third party are unavailing as against the holder of the first mortgage note. *Carpenter* v. *Langan,* 16 Wall. 271; *Burhans* v. *Hutcheson,* 25 Kansas, 625; *Insurance Co.* v. *Huntington,* 57 Kansas, 744; *Bronson* v. *Ashlock,* 7 Kansas App. 255–259; *Swift* v. *Smith,* 102 U. S. 442; *Railway Co.* v. *Bank,* 136 U. S. 283; Jones on Chattel Mort., § 662 (a), 633; *Biggerstaff* .v.` *Marstin,* 161 Massachusetts, 101; *Watson* v. *Wyman,* 161 Massachusetts, 106; *Mulcahy* v. *Fenwick,* 161 Massachusetts, 164; *Hoffman* v. *Boteler,* 87 Mo. App. 316; *Brooke* v. *Struthers,* 68 N. W. Rep. 272; *Lee* v. *Clark,* 89 Missouri, 553; *Hagerman* v. *Sutton,* 91 Missouri, 519, 532; *Swift* v. *Bank of Washington,* 104 Fed. Rep. 643; *Cummings* v. *Hurd,* 49 Mo. App. 139; *Walter* v. *Logan,* 63 Kansas, 193; 20 Am. & Eng. Enc. Law, 2d ed., 1045, 1046; *Robinson* v. *Campbell,* 60 Kansas, 60; *De Laurel* v. *Kemper,* 9 Mo. App. 77; *Lakeman* v. *Roberts,* 9 Mo. App. 179; *Bank* v. *Buck,* 71 Vermont, 190; *Parker* v. *Randolph,* 5 S. D. 54; *Williams* v. *Paysinger,* 15 S. C. 171; *Black* v. *Reno,* 59 Fed. Rep. 917; *Brewer* v. *Atkeison,* 121 Ala-

bama, 410; *Roberts* v. *Halstead*, 9 Pa. St. 32; *Anderson* v. *Karaider*, 52 Nebraska, 171; *Kelon* v. *Smith*, 97 Illinois, 156; *Stiger* v. *Bent*, 111 Illinois, 329; *Preston* v. *Morris*, 2 Iowa, 549; *Martindale* v. *Burch*, 57 Iowa, 291; *Tandercosk* v. *Baker*, 48 Iowa, 199; *Gordon* v. *Mulhore*, 13 Wisconsin, 22; *Demoth* v. *Bank*, 85 Maryland, 315; *Laping* v. *Duffy*, 47 Indiana, 51; *Dixon* v. *Hinter*, 57 Indiana, 278; *Reeves* v. *Hayes*, 95 Indiana, 521.

Section 4246 of the Chattel Mortgage Law of Kansas, Dassler's Stat., 1901, p. 896, provides that every holder of a mortgage may keep his mortgage alive by filing an affidavit during the last thirty days of the year following the recording of his mortgage, and the Chicago Bank having taken its mortgage within the year and before the time had arrived when the Geneseo Bank could file the affidavit contemplated by that provision, is not a subsequent purchaser or mortgagee in good faith. *Meech* v. *Patchen*, 14 N. Y. 71; *Howard* v. *Nat'l Bank*, 44 Kansas, 549; *Bank* v. *Bank*, 46 Kansas, 376.

The Chattel Mortgage Law of Kansas, in all its provisions, recognizes the transferee of a negotiable note secured by a chattel mortgage as the "assignee," where the word "assignee" is used in that statute. Secs. 4068, 4069, p. 844, of Dassler's Kans. Stat., 1899.

After the original mortgagee of a chattel mortgage indorses and transfers the negotiable note secured by the mortgage, he has no beneficial interest in the mortgage and cannot maintain an action of replevin or trover in his own name, but such action must be brought by the transferee of the negotiable promissory note as the real holder and owner of the note and mortgage and therefore as being the "assignee" within the meaning of the Kansas chattel mortgage statute. *Bohart* v. *Buckington*, 62 Kansas, 658; *Wiscum* v. *Huberly*, 51 Kansas, 580.

The release of the mortgage of the Geneseo Bank was void because the same was not acknowledged. It was improperly recorded for that reason. The contentions of defendant in

all respects are sustained by *First National Bank* v. *Baird,* 141 Fed. Rep. 862.

Mr. Justice Peckham, after making the foregoing statement, delivered the opinion of the court.

The defendant in error, at the outset, objects to the jurisdiction of this court on the ground that the plaintiff should have brought the case here by appeal instead of by writ of error, because the case was tried without a jury, and, therefore, the writ of error was improper. There is nothing in this objection, as in actions at law coming from the Territory of Oklahoma it has been held that the proper way to review the judgments of the Supreme Court of that Territory was by writ of error. *Comstock* v. *Eagleton,* 196 U. S. 99; *Oklahoma City* v. *McMaster,* 196 U. S. 529; *Guss* v. *Nelson,* 200 U. S. 298.

Further objection is made that the court below found no facts upon which a review can be had in this court. The foregoing statement disposes of this objection also, and shows it to be untenable.

On the merits, the question arises which of these two parties shall sustain the loss occasioned by the improper act of the president of the Live Stock Commission Company in signing this pretended release, and acknowledging the payment of the eleven thousand dollar note, as above stated? The plaintiff in error contends that the defendant bank should bear the loss because of its failure to record or file the assignment to it of the first mortgage, securing the eleven thousand dollar note. The defendant opposes this view and insists that, being the holder and the owner of the eleven thousand dollar note, secured by a first mortgage duly executed on the twenty-seventh of June, 1900, and duly filed in the register's office, it has the prior right to the cattle, and that the statutes of Kansas do not require that it should file or record the assignment to it of the note and mortgage, and its claim should not, therefore, be postponed.

The note executed by Grimes for eleven thousand and some odd dollars was negotiable, and the chattel mortgage was given at that time to secure the payment of the note. The indorsement of the note and its delivery before maturity to the defendant by the payee of the note transferred its ownership to the defendant bank. This transfer also transferred, by operation of law, the ownership of the mortgage which was collateral to the note. Such a mortgage has no separate existence, and when the note is paid the mortgage expires, as it cannot survive the debt which the note represents. *Carpenter* v. *Longan*, 16 Wall. 271; *Burhans* v. *Hutcheson*, 25 Kansas, 625; *The Mutual Benefit Life Insurance Company* v. *Huntington*, 57 Kansas, 744; *Swift* v. *Bank of Washington*, 114 Fed. Rep. 643.

The mortgage, therefore, is a prior lien upon the cattle, as security for the payment of the note, unless defendant has lost it by its failure to record an assignment of the mortgage. Whether it has or not is to be determined by the law of Kansas.

There is no express provision in the statutes of Kansas for the filing or recording of assignments of chattel mortgages. Paragraph 36, section 4251, General Statutes of Kansas for 1901, by Dassler, may be found in the margin.[1] It is said this statute by implication provides for the recording of an assignment of a chattel mortgage.

Assuming that the statute makes provision for such recording, it is then argued that it is the duty of the assignee to do

---

[1] Paragraph 36, Section 4251, General Statutes of Kansas for 1901, by Dassler, provides as follows:

"When any mortgage of personal property shall have been fully paid or satisfied, it shall be the duty of the mortgagee, his assigns or personal representative, to enter satisfaction or cause satisfaction thereof to be entered of record in the same manner as near as may be, and under the same penalty for a neglect or refusal, as provided in case of a satisfaction of mortgages of real estate. The entry of satisfaction shall be made in the book in which the mortgage is entered, as hereinbefore provided; and any instrument acknowledging satisfaction shall not be recorded at length, but shall be referred to under the head of 'Remarks,' and filed with the mortgage or copy thereof, and preserved therewith in the office of the register."

so, and his failure takes away a right of priority of lien which he might otherwise have. This reasoning is not satisfactory. We cannot make the assumption that the statute cited does make provision for the recording of the assignment, and we fail, therefore, to find its necessity    That necessity depends upon statute, and without some statutory provision therefor the necessity does not exist.    Uncertain and doubtful implications arising from portions of a statute not requiring the recording of an instrument are not to be regarded as furnishing a rule upon the subject.    There are statutory provisions for recording assignments of real estate mortgages to be found in the Kansas statutes.    See paragraph 19, section 4234, and paragraph 26, section 4241, General Statutes of Kansas for 1901, by Dassler.    Paragraph 19, above, provides for the acknowledgment of assignments of real estate mortgages by the assignor, and paragraph 26 provides that on presentation of such assignment for record it shall be entered upon the margin of the record of the mortgage by the register of deeds, who is to attest the same, as therein provided.    Now, in relation to chattel mortgages and the assignment thereof, there is no such provision or anything similar to it.    Provision is made for the satisfaction of a chattel mortgage when paid by the mortgagee, assignee, etc., but that does not make it necessary to record or file the assignment of a chattel mortgage in order to protect the assignee.

The Supreme Court of Kansas has held that there is no statute making it necessary to record an assignment of a chattel mortgage, in order to protect the rights of such assignee, and that it need not be recorded or filed. *Burhans* v. *Hutcheson,* 25 Kansas, 625; *Wiscomb* v. *Cubberly,* 51 Kansas, 580; *Mutual Benefit Life Insurance Company* v. *Huntington,* 57 Kansas, 744. It is true that these cases refer to real estate mortgages, but the reasoning sustains the statement as to chattel mortgages.

The first of the above cases (*Burhans* v. *Hutcheson*) holds that where a mortgage upon real estate is given to secure payment of a negotiable note, and before its maturity the note

and mortgage are transferred by indorsement of the note to a *bona fide* holder, the assignment, if there be a written one, need not be recorded. This is held even where there was an express statute as to the record of such an assignment. The statute was held not to apply to the case of a mortgage given as collateral to a negotiable note.

The second case (*Wiscomb* v. *Cubberly*) has reference also to a mortgage on real estate, and involves much the same principle.

In the third case (*Mutual Life Insurance Benefit Co.* v. *Huntington*) it was again held that after the assignment and delivery by the payee of a negotiable promissory note, before maturity, together with the mortgage on real estate given as collateral security for its payment, the original mortgagee had no power to release or discharge the lien of the mortgage, and a release made by him without authority, even though the assignment was not recorded, would not affect the rights of the assignee.

These cases would seem to establish the rule in Kansas that it is not necessary to record the assignment of a mortgage even upon real estate, when given to secure payment of negotiable notes, although there is a statute which in general terms provides for the recording of assignments of real estate mortgages. Still stronger, if possible, is the case of a chattel mortgage given to secure the payment of negotiable notes, when there is no statutory provision for the recording of the assignment of such mortgage. It is probable that in the large majority of cases the only evidence of an assignment of a negotiable note and a chattel mortgage given to secure its payment is the indorsement of the note and delivery thereof to the purchaser. In such a case there would be no assignment to record, and there is no provision in the statute for filing a copy of the note with its indorsement, together with a statement that it had been delivered to a third party, as the purchaser or assignee thereof.

The policy of the State of Kansas seems to be not alone to

give to a negotiable promissory note all the qualities that pertain to commercial paper, but also to clothe mortgages given as collateral security for the payment of such notes, with the same facility of transfer as the note itself, to which it is only an incident.

The plaintiff, however, contends for the opposite doctrine, and cites, among others, *Lewis* v. *Kirk*, 28 Kansas, 497, as its authority. In that case the question was which should suffer, a *bona fide* purchaser of the real estate which had been mortgaged, or the *bona fide* purchaser of the mortgage who had failed to have his assignment recorded. The court held in favor of the purchaser of the real estate, and distinguished *Burhans* v. *Hutcheson, supra*, though not assuming to overrule it. The mortgage in the *Lewis case* was upon real estate, and would not, therefore, necessarily affect the case of a chattel mortgage, where there is no statute for recording an assignment of the mortgage.

But in *Insurance Company* v. *Huntington*, 57 Kansas, *supra*, the case of *Burhans* v. *Hutcheson*, 25 Kansas, *supra*, was cited, and the doctrine that a *bona fide* holder of negotiable paper, transferred by him by indorsement thereon before maturity, and secured by a real estate mortgage, need not record the assignment of mortgage, was again approved.

In *Thomas* v. *Reynolds*, 29 Kansas, 304, cited by plaintiff, it was held that an action to recover the penalty provided for by the statute for refusal to enter satisfaction of a chattel mortgage when it had been paid, could not be sustained against the assignee of the mortgage without proof of the assignment of record, as the purpose of the statute was to clear the record, and, therefore, the defaulting party must have record title or his satisfaction would apparently be an impertinent interference by a stranger. That action did not raise the question herein presented, and the court made no reference to the case of *Burhans* v. *Hutcheson, supra*. It is quite clear that it did not intend to overrule that case. In any event, as already mentioned, the *Burhans case* has been approved in 57 Kansas, 744,

above cited. We cannot treat the rule which we have stated above as having been at all shaken by the two cases from 28 and 29 Kansas, *supra*.

The counsel for plaintiff contends that, assuming there was no statute providing for the recording of an assignment of a chattel mortgage in the State of Kansas, yet there was no law of that State which prohibited the Geneseo Bank from recording its assignment. It is not necessary that there should be a law to prohibit the recording of such assignments. There must be a law which provides for their record, either in express terms or by plain and necessary implication from the words stated. Where the statute does not so provide, it is not necessary nor is it the duty of the assignee to record or file his assignment. There must be some legal duty imposed upon the assignee before the necessity arises for the recording of the assignment.

Counsel have cited many cases from States other than Kansas, in which the rights of assignees of mortgagees as against subsequent mortgages or conveyances have been discussed and decided. In many cases the question has arisen in regard to the recording of assignments of mortgages upon real estate, where the States had provided for the recording of such assignments, and where, in the absense of such recording, the assignee has failed in obtaining priority of rights under his mortgage, which he would have had if the assignment had been recorded. But as the owner of the cattle mentioned herein resided in Kansas at the time the mortgages were given, and the cattle were then in that State, and the mortgages were filed there, the transactions are to be judged of with reference to the law of that State, and we decide this question with reference to such law. Under that law the assignee of the first mortgage of June, 1900, has a superior lien to the assignee of the second mortgage of April, 1901, although such assignee of the first mortgage did not have his assignment recorded.

Judgment is

*Affirmed.*