JAMES E. GRAVES, JR., Circuit Judge,
concurring in the judgment only:
I concur in the judgment and write separately to express three concerns with the majority’s opinion. First, I disagree with the majority that the first assignment was valid and that “Texas courts tend to follow the Restatement.” Indeed, Texas courts have not “expressly adopted” the Restatement’s note-follows-the-mortgage presumption precisely because longstanding United States Supreme Court and Texas precedent requires that a foreclosing party be the holder of the promissory note in order to foreclose. Carpenter v. Longan, 83 U.S. 271, 274, 16 Wall. 271, 21 L.Ed. 313 (1872) (“The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.”); accord Nat’l Live Stock Bank v. First Nat’l Bank, 203 U.S. 296, 306, 27 S.Ct. 79, 51 L.Ed. 192 (1906); Baldwin v. State of Mo., 281 U.S. 586, 596, 50 S.Ct. 436, 74 L.Ed. 1056 (1930) (Stone, J., concurring); see also Cadle Co. v. Regency Homes, Inc., 21 S.W.3d 670, 674 (Tex.App.2000) (holding that, in order to foreclose, the party seeking to enforce the note must show it is the owner and holder of the note).[1]
Applying Texas law, this court has also held that the assignor must assign the promissory note, not just the mortgage:
The rule is fully recognized in this state that a mortgage to secure a negotiable promissory note is merely an incident to the debt, and passes by assignment or transfer of the note.... The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.
Kirby Lumber Corp. v. Williams, 230 F.2d 330, 333 (5th Cir.1956) (quoting Van Burkleo v. Sw. Mfg. Co., 39 S.W. 1085, 1087 (Tex.Civ.App.1896); Gough v. Home Owners’ Loan Corp., 135 S.W.2d 771 (Tex.Civ.App.1939)). The United States District Court for the Northern District of Texas recently came to the same conclusion. See McCarthy v. Bank of Am., NA, 2011 WL 6754064 at *3-1 (N.D.Tex. Dec. 22, 2011) (requiring foreclosing party to be holder of promissory note, not just holder of mortgage). Indeed, the courts have a reason *710 for adopting these requirements — the note is the obligation and the mortgage secures the obligation. It is only logical that a lender must hold the obligation in order to foreclose on the security for that obligation. Nevertheless, I concur in the judgment because the majority correctly holds that Texas courts have never expressly adopted the Restatement’s note-follows-the-mortgage presumption. Moreover, since the second assignment was valid, there is no need to decide the validity of the first assignment.
Second, I do not agree that the Reinagels’ forgery argument is a red herring. Acknowledging a document at a different time or place than what was in fact the case is included in the Texas Penal Code’s definition of “forge.” Tex. Penal Code § 32.21(a)(1)(A). And forgery makes an assignment void, not voidable. See, e.g., Garcia v. Garza, 311 S.W.3d 28, 44 (Tex.App.2010); Bellaire Kirkpatrick Joint Venture v. Loots, 826 S.W.2d 205, 210 (Tex.App.1992). I disagree with the majority that, even if the acknowledgment was improper, it did not invalidate the second assignment because assignments are not required to be notarized in Texas. This is immaterial — regardless of whether Bryan Bly was required to sign the original assignment in wet ink or to have his signature notarized, the Reinagels claim that his signature was notarized at a time or place different than where Bly actually was.[2] This satisfies the definition of “forge” under the Texas Penal Code. The Reinagels, however, did not sufficiently plead or brief this argument, having raised it for the first time in their reply brief. United States v. Ramirez, 557 F.3d 200, 203 (5th Cir.2009) (“This court does not entertain arguments raised for the first time in a reply brief.”). Because the Reinagels have waived the argument, I concur in the judgment.
Third, while the majority is technically correct that “courts invariably deny mortgagors third-party status to enforce PSAs”, the Reinagels are not seeking third-party status to enforce the PSA. Instead, the Reinagels “point to defects in the securitization process as evidence that neither title nor possession of the note passed to the [party] who sought to foreclose their mortgages. Thus, the Plaintiffs seek only to use the breaches as evidence that the party seeking to foreclose is not the owner of their note.” Ball v. Bank of N.Y., 2012 WL 6645695 at *4 (W.D.Mo. Dec. 20, 2012) (permitting homeowners to challenge foreclosures based on violation of the PSA). It makes very little sense that the Reinagels have a right to challenge the *711 assignments based on fraud but lack the right to challenge the assignments based on a violation of the PSA. In my view, both bases for challenging the assignments are valid, and should be considered on the merits. Nevertheless, given the lack of evidence that the Reinagels may be subject to double-collection,[3] I concur in the judgment.

. This, of course, does not require the owner and holder of the note to produce the actual original note at the time of foreclosure. Cf. Cadle Co., 21 S.W.3d at 674 (citing Commercial Serv. of Perry, Inc. v. Wooldridge, 968 S.W.2d 560, 564 (Tex.App.1998)) (“To collect on a promissory note, a plaintiff must establish: (1) the existence of the note in question, (2) the defendant signed the note, (3) the plaintiff is the owner and holder of the note, and (4) a certain balance is due and owing on the note.”).

. The Reinagels claim that Bly admitted in his own deposition testimony from another case that his signature was "scanned” onto documents and then notarized as an original and recorded. Nevertheless, Bobbie Jo Stoldt, the Florida notary that purportedly witnessed Bly’s execution of the second assignment in Pinellas County, Florida, attested in the assignment's certificate of acknowledgment that Bly acknowledged the assignment “before me this 13th day of February in the year 2009.” (emphasis added). She also attested that Bly was "personally known to me to be the Vice President of Citi Residential Lending, Inc....."
Florida law requires a notary to, inter alia, include in the certificate of acknowledgment the "venue stating the location of the notarization,” "the exact date of the notarial act,” and attest that "[tjhat the signer personally appeared before the notary public at the time of the notarization.” Fla. Stat. § 117.05(4). Thus, it appears that, if Bly was not in Stoldt's presence because his signature was "scanned,” the notarization also violated Florida's notary law. In addition, the law states that "[a] notary public may not notarize a signature on a document unless he or she personally knows, or has satisfactory evidence, that the person whose signature is to be notarized is the individual who is described in and who is executing the instrument.” Id. § 117.05(5).

. The Ball court announced that its conclusion was supported by caselaw "which held that a debtor generally lacks standing to contest the validity of an assignment of debt, except if the debtor will be prejudiced. One form of prejudice is the potential that the debtor will be exposed to multiple judgments.” Id. at *5 (emphasis added) (citing, inter alia, Barker v. Danner, 903 S.W.2d 950, 955 (Mo.Ct.App.1995) ("[T]he only interest of the obligor being that he shall be required to pay his debt to but one person.”); Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 Fed.Appx. 97, 102 (6th Cir. Oct. 28, 2010) ("Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice.”)). "In fact,” continued the court, "this is the very possibility that possession of the note is meant to prevent.” Id. (citing In re Washington, 468 B.R. 846, 853 (Bankr.W.D.Mo.2011) (“Possession of the note insures that this creditor, and not an unknown one, is the one entitled to exercise rights under the deed of trust, and that the debtor will not be obligated to pay twice.”)). Here, however, the Reinagels admit they made their payments to Deutsche Bank and had been attempting to negotiate the amount of those payments with Deutsche Bank. Thus, there is no indication that the Reinagels were confused as to which lender to pay, or that a significant possibility exists of Argent attempting to collect on the note.