JUSTICES HOKE and ALLEN did not sit.
At the conclusion of the evidence his Honor sustained a motion to nonsuit. The plaintiff excepted and appealed. The facts are sufficiently stated in the opinion of the Court. *Page 170 
Civil action brought to restrain the defendants from interfering with the plaintiff in cutting and removing timber from certain lands, and to declare the plaintiff to be the owner of the timber rights on said lands. The defendants denied the title of the plaintiff to the timber in question. The plaintiff presented several contentions upon which he based his right to cut the timber in question, but in the view we take of the case it is necessary to consider only one.
The timber lands in controversy belonged to the defendants, who conveyed all of the timber of whatever kind and description growing and standing on the said lands, subject to certain restrictions, to H. C. Wolfe of Pennsylvania. The said conveyance is dated 28 June, 1906, and was duly registered on 29 September, 1906, and fully describes the land upon which the said timber was growing.
It is claimed that Wolfe purchased the timber for himself and others, and that he and his associates contracted to form a corporation to whom this timber was to be conveyed, and by which it was to be (211) manufactured. It appears that the company was incorporated and stock taken as agreed by the incorporators. Wolfe was elected manager of the corporation. He continued to be such until July, 1909, when he resigned. During that time a large part of the timber was taken from the land and sold. On 16 January, 1909, this company, by its manager, Wolfe, conveyed certain of the timber to the plaintiff, which the plaintiff proceeded to cut and remove under his contract, which conveyance was not registered until 1 May, 1911.
On 25 January, 1911, the said Wolfe reconveyed to the defendants all of the standing timber and timber rights on the said land, specifically describing the land as being fully described in a deed from the defendants to H. C. Wolfe, recorded in Book 60, page 384, in the office of Register of Deeds of Granville County. This deed was registered on 26 January, 1911.
1. The conveyance, or timber contract, whatever it may be called, under which the plaintiff claims the timber in controversy was not registered until May, 1911, at which time the deed from Wolfe, conveying all of the property he had purchased from them, had been duly executed and recorded, to wit, on 26 January, 1911.
The plaintiff contends that the defendants had notice of the existence of the said timber contract made with the plaintiff, and that when they took the reconveyance from Wolfe they took subject to the plaintiff's rights. *Page 171 
It is not necessary to discuss the fact as to whether there is any evidence as to actual notice to the defendant, for no notice of the character claimed by the plaintiff, however full, can supply the notice by registration required by the statute.
This Court has held in several cases that standing trees are a part of the realty, and conveyances of title thereto must be sufficient in form to convey realty, and that such conveyances are governed by all the laws relating to the transfer of title to land itself. Hawkins v. Lumber Co.,139 N.C. 161.
Applying this principle, it has been held that purchasers for value under a deed sufficient in form and properly registered are not affected with notice by possession under a prior deed, either invalid or not registered at the time of the other conveyance. Tremaine v. Williams,144 N.C. 114; Collins v. Davis, 132 N.C. 106; Blalock (212)v. Strain, 122 N.C. 283; Patterson v. Mills, 121 N.C. 267.
2. But it is contended by the plaintiffs that these defendants taking under the deed from Wolfe dated 25 January, 1911, are not purchasers for value, and take subject to the equities of the plaintiff. We find no evidence to support this theory. On the contrary, the recited consideration of the deed from Wolfe to the defendants is the sum of $1 "and in consideration of the parties of the second part releasing the party of the first part (Wolfe) and the Stovall Lumber Company from all claims for damage on account of waste."
It was contended by the defendants that Wolfe had caused the said timber lands to be denuded of timber in violation of the terms and restrictions contained in the deed of 28 June, 1906, executed by the defendants to Wolfe. This release upon the part of the defendants was undoubtedly a release of a valuable right and formed a valuable consideration as a basis for the reconveyance by Wolfe to them.
3. It is further contended that the reconveyance from Wolfe to the defendants conveyed only such standing timber rights in the land as he, Wolfe, then had, and that having parted with them to the plaintiff, he had nothing to convey to the defendants. As we read the reconveyance, Wolfe reconveyed to the defendants all of the standing timber rights of all kinds which the defendants had previously conveyed to Wolfe on 2,070 acres of land, particularly described by metes and bounds in the deed from Wolfe to the defendants.
Upon a review of the record, the judgment of the Superior Court is
Affirmed.
JUSTICES HOKE and ALLEN took no part in the decision of this case.
Cited: King v. McRackan, 168 N.C. 624; Lynch v. Johnson, 170 N.C. 111. *Page 172 
(213)