### COOPER GROCERY CO. v. PARK.†

#### (Circuit Court of Appeals, Fifth Circuit. November 30, 1914.)

#### No. 2580.

BANKRUPTCY (§ 188*)—LIENS—DEED OF TRUST—FAILURE TO FILE AND RECORD—TRUSTEE—RIGHTS—STATUTES—CONSTRUCTION.

Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557, as amended by Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), provides that a bankrupt's trustee, as to all property in the custody or coming into the custody of a bankruptcy court, shall be vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and section 67a declares that claims which, for want of record or any other reason, would not have been valid liens as against the claims of creditors of the bankrupt, shall not be liens against his estate. Rev. St. Tex. 1911, art. 6824, provides that all deeds of trust shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law. *Held* that, since a bankrupt's trustee does not take as an ordinary voluntary purchaser, but as the representative of the rights of creditors with a lien acquired by legal or equitable proceedings, and subject only to such liens and rights as would be valid against such creditors, a deed of trust executed by a bankrupt on certain of his assets, but neither filed nor recorded, did not create a lien enforceable against the bankrupt's trustee, though disclosed in the bankrupt's voluntary petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

Petition for Revision of Order of the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Petition by the Cooper Grocery Company to superintend and revise an order denying petitioner's right to a lien on certain of the assets of McKinney & Erskine, bankrupts, under a deed of trust not filed or recorded, to which claim of lien M. C. H. Park, trustee of the bankrupts, filed objections. Petition denied.

John W. Davis, of Waco, Tex., for petitioner.

J. D. Williamson, of Waco, Texas, for respondent.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

CALL, District Judge. In this cause a motion to dismiss the proceedings because of the failure of the petitioner to comply with rule 24 of the Circuit Court of Appeals Rules, was filed, and was argued and submitted together with the main case. In considering the mat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 4, 1915.

ter the court is of the opinion that while the rule has not been complied with, it would be for the best interests of all parties concerned that the court should proceed to examine the whole case. The motion to dismiss will therefore be denied.

In this case McKinney & Erskine on the 9th of January, 1913, filed a voluntary petition in bankruptcy, and were on such petition adjudged bankrupts. The Cooper Grocery Company filed their claim, with various securities attached, among them being a deed of trust, dated January 4, 1913, on a certain house and land situated in Stranger, Falls county, Tex., which house was the store building of the bankrupts. This deed of trust, securing an indebtedness due the Cooper Grocery Company from the bankrupts, was not recorded prior to the filing of the voluntary petition in bankruptcy. The Cooper Grocery Company's claim was allowed as an unsecured claim and the security of the deed of trust was disallowed, and the property went into the hands of the trustee in bankruptcy and was administered as a part of the estate.

The question presented in this petition for revision is whether or not the District Judge erred, under these circumstances, in sustaining the referee's finding that said claim should not be allowed as a secured claim in so far as this deed of trust is concerned. The Texas statute (article 6824 of the Revised Statutes of Texas) provides, among other things, as follows:

"And all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding."

Section 67a of the Bankruptcy Act provides that:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

And section 47a (2), as amended by the act of 1910, provides:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon," etc.

The petitioners in this case claim that the trustee takes this property subject to the lien of the deed of trust by reason of the fact that said security was mentioned in the voluntary petition of bankruptcy, and therefore, although the deed of trust was not recorded as required by the statute of Texas, the trustee takes it with notice of the lien, and therefore subject to it.

To decide this question it is necessary to consider in what capacity the trustee in bankruptcy takes the property. Does he take it as an ordinary voluntary purchaser, or does he take it as representing the rights of the creditors with a lien acquired by legal or equitable means, and subject only to such liens and rights as would be valid against such creditors? The provision of the amendment of 1910, read in connection with section 67a, would seem to settle this question against

the contention of the petitioners in this case. The case of Pacific State Bank v. Coats, reported in 205 Fed. at page 618, 123 C. C. A. 634, Ann. Cas. 1913E, 846, is a case decided by the Circuit Court of Appeals for the Ninth Circuit, subsequent to the passage of the amendment of 1910 to section 47a, cl. 2, and this pertinent language on page 622 of 205 Fed., page 638 of 123 C. C. A. (Ann. Cas. 1913E, 846), in said report is used:

"The trustee no longer stands in the shoes merely of the bankrupt, with the limited rights of the bankrupt to attack unrecorded liens which may be valid and unimpeachable by such bankrupt; but the amendment by operation of law vests in him a lien equivalent to such as would be acquired by legal or equitable proceedings upon the property coming into his custody by virtue of the bankruptcy proceedings. 'The class of cases unprovided for by the original act, and intended to be reached by the amendment,' says Mr. Collier in his work on Bankruptcy (9th Ed., page 659), 'was that in which no creditors had acquired liens by legal or equitable proceedings and to vest in the trustee for the interest of all creditors the potential rights of creditors potential with such liens.' 'This provision of the Bankruptcy Act,' says Witmer, Judge, in Re Hartdagen (D. C.) 189 Fed. 546, 'puts the trustee, in so far as the assets of the estate is concerned, in the position of a lien creditor.'"

It would seem plain from the words of the act as amended, and the construction given the same since the amendment, that it places the trustee in a far different position from that of the voluntary purchaser. The words of the Texas statute are explicit that unless such liens are recorded they shall be invalid as against claims of creditors. The provision in the Bankruptcy Act, that the trustee shall take the property with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereunder, would seem to leave no doubt of the proper position of the trustee in bankruptcy in cases of this kind. He represents the creditors, and is vested with all the rights of such creditors as if a lien had been acquired upon the property by legal or equitable means without notice of the unrecorded deed of trust. There could be no question in this case, if one or more of the creditors of McKinney & Erskine had acquired an attachment lien on the 9th of January against the property of the bankrupt without notice of said deed of trust, that this unrecorded deed of trust, of which no notice was had, that said deed of trust could not have been asserted as a lien to defeat the lien of the attaching creditor. This being so, under the Bankruptcy Act the trustee takes the property as though such lien had been acquired by the creditor, and takes it free of the deed of trust.

It is therefore our opinion that there was no error committed by the District Judge in affirming the findings of the referee herein.

The petition for revision will be denied; the petitioner to pay the costs of this proceeding.

WALKER, Circuit Judge (concurring). I concur in the result announced in the foregoing opinion, and do not dissent from any of the views expressed therein. It does not, however, seem to me that the record in the case is such as to require a decision of the principal question passed on in that opinion.

There is nothing in the record to show that the existence of the deed of trust was disclosed otherwise than by a mention of it in the bank-

rupt's schedule. The schedule is not required to be looked to for information as to an incumbrance on property or for a claim to it otherwise undisclosed. So it did not give constructive notice of the incumbrance. Indeed, there is no claim that the mention of the deed in the schedule gave constructive notice to any one of its existence. And it is not made to appear by the record that the trustee actually knew of this part of the contents of the bankrupt's schedule, or that in fact he ever saw or examined the schedule, or, at any rate, that part of it which mentioned the deed of trust. The trustee, no more than a creditor, is to be presumed to have knowledge or notice of a fact shown only in an instrument at which he is not required to look for information as to the state of the title. There is no more reason for assuming that he in fact learned of the existence of the deed of trust by an examination of the schedule than there would be to assume that he learned of its existence from a record with notice of which the law did not charge him. Pacific State Bank v. Coats, 205 Fed. 618, 123 C. C. A. 634, Ann. Cas. 1913E, 846.

So, assuming that the trustee's knowledge of the existence of the deed of trust would have made it effective as against the bankrupt estate and its creditors represented by him; the court below properly ruled that it was not so effective because the record failed to show that the trustee had either constructive notice of it or actual knowledge or notice of it. It seems to me that the principal question passed on in the opinion is not presented, because of the absence of any evidence in the record tending to prove that the trustee had any actual knowledge or notice of the fact that such a deed of trust had been made.