WILLOUGHBY LYNCH v. C. R. JOHNSON ET ALS.

(Filed 17 November, 1915.)

**Bankruptcy—Trustee's Title—Purchaser for Value—Registration—Notice— Interpretation of Statutes.**

Since the amendment to the Bankrupt Act of 1910 the trustee of a bankrupt acquires the bankrupt's property on the same basis as creditors and purchasers for value against unrecorded instruments; and where the lands have theretofore been conveyed to the bankrupt to be held in trust for himself and another purchaser, the title taken to himself, and he had forwarded a deed to the other person for his part of the lands, but which deed was not received or recorded, the purchaser at the trustee's sale acquires a good title, though he was aware of the previous transaction.

APPEAL by defendants from *Whedbee, J.,* at April Term, 1915, of TYRRELL.

*T. H. Woodley and Aydlett & Simpson for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendants.*

CLARK, C. J. In 1896 C. R. Johnson purchased a tract of land in Tyrrell from W. E. Shallington. The plaintiff Lynch alleges in his complaint that he paid half of the purchase money under an agreement with Johnson that he would hold half of the land in trust for the plaintiff, the deed for the entire tract being taken in Johnson's name. In 1911 Johnson was adjudged a bankrupt in Virginia and the defendant H. W. Davis was appointed trustee in bankruptcy. The trustee, by order of court, advertised the lands for sale and they were purchased by the Juniper Corporation. The plaintiff alleges that at the time of such purchase the Juniper Corporation had knowledge of his claim. This was denied by the defendants, but the jury found with the plaintiff on that issue. Johnson, as witness for the plaintiff, testified that shortly after the purchase from Shallington he executed a deed to the plaintiff for a half interest in the land and placed the same in the postoffice in a stamped envelope bearing his re-

turn address, and heard nothing more from it. The plaintiff testified that he had never received the deed.

Assuming the facts to be as contended by the plaintiff, the defendants acquired a good title to this property. (1) Under the Bankrupt Act as amended 25 June, 1910, the trustee in bankruptcy acquired this property free from the claims of the plaintiff. (2) Regardless of the title acquired by the trustee, the defendants took the property free from any lien or claim of the plaintiff.

It is settled by the Connor Act, Rev., 980, by its express terms, and the numerous decisions thereunder cited in Pell's Revisal, 980; *Burwell v. Chapman,* 159 N. C., 211, that even if Johnson had executed and delivered the deed for the half interest in the land to the plaintiff Lynch, the latter having failed for any reason to record the same, its subsequent purchaser from Johnson, or under execution sale against him, even with notice of the outstanding conveyance to Lynch, "however full and complete" such notice might be, would acquire the title. The evidence for Johnson that he mailed the deed to Lynch and the latter's evidence that he did not receive it cannot change this.

Under the amendment to the Bankrupt Act, 25 June, 1910, the trustee in bankruptcy acquires exactly the same title as any purchaser for value. The United States Supreme Court in *Mfg. Co. v. Cassell,* 201 U. S., 304, held that "The trustee in bankruptcy is vested in no better right or title to the property than the bankrupt had when the trustee's title accrued." The amendment to the Bankrupt Act, 25 June, 1910, was enacted to change this, and the effect has been to put trustees in bankruptcy on the same basis as creditors and purchasers for value as against unrecorded instruments. This has been held in many cases in the Federal Court, among them *Mfg. Co. v. Arthur* (C. C. A.), 220 Federal, 846; Collier on Bankruptcy (9 Ed.), 658, 662, 999, citing many cases in the notes.

This precise point has been fully discussed in *Hinton v. Williams, post,* 115, to which we refer. The court should have given the defendants' prayer for instruction that "On all the evidence and admissions in the cause the plaintiff was not entitled to recover any interest in the land, and the jury should answer the sixth issue 'No.'"