## In re ROSENBERG.

(District Court, S. D. Texas, at Houston. March 18, 1925.)

No. 863.

1. **Witnesses** 🔑128—Statute as to incompetency of witnesses as to transactions with decedents held not to apply to suit for realty of which plaintiff is equitable owner, but title to which is in decedent.

Rev. St. Tex. art. 3690, providing that, in actions by or against executors, administrators, or guardians, or by or against the heirs or legal representatives of a decedent, neither party may testify against the others as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, has no application to a suit to recover real property, the naked legal title to which was placed in decedent, but of which plaintiff is the sole equitable owner.

2. **Trusts** 🔑69—Trust implied from conveyance to one without interest.

Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, equity will imply a trust in favor of the person entitled to the beneficial interest.

3. **Trusts** 🔑62—Implied trust not within registration statutes.

An implied or resulting trust is not within the registration statutes.

4. **Judgment** 🔑785(1)—Judgment is not a lien as against implied or resulting equitable interest.

The registration statutes subject to a judgment lien the apparent interest of the debtor only when the person asserting the real, as against the apparent, title is a claimant by unrecorded deed, and judgment and other statutory liens are subordinate to any implied or resulting equitable interest when established.

In Bankruptcy. In the matter of I. Rosenberg, bankrupt. On review of order of referee sustaining claim of Helen R. Basch to real property. Affirmed.

H. J. Dannenbaum and Harry Dow, both of Houston, Tex., for plaintiff.

James A. Baker and Baker, Botts, Parker & Garwood, all of Houston, Tex., for defendants.

HUTCHESON, District Judge. · This is a petition to review the action of the referee in recognizing the claim of Mrs. Helen R. Basch to certain property standing on the records in the name of the bankrupt, and directing the trustee to execute a deed to her. The Canal Commercial Trust & Savings Bank files a petition for review, claiming as a judgment lien creditor, and also asserting that the trustee stood in the position of a lien creditor (Cooper Grocery Co. v. Park, 218 F. 42, 134 C. C. A. 64), and that both the trustee and the Canal Bank were entitled to the property as against the claimant.

The referee found in favor of plaintiff's contention that the property was originally the separate property of her mother; that, her mother having deceased, it descended to and vested in her; that in 1919 she placed ·the legal title to the property in her father's name, for the purpose of enabling him to handle it in her interest, and without any intention of passing the beneficial interest therein to him. Upon these facts he found that a trust would be implied in her favor, and that the equitable title thus existing in her, not being subject to the registration statutes, was entitled to protection against the liens both of the bank and of the trustee.

[1] A part of this conclusion was based upon the testimony of the daughter, which was by the referee held admissible over the objection that it should have been excluded under article 3690, Revised Statutes of Texas, providing as follows:

"In Actions by or against Executors, etc., Certain Testimony Not Allowed.—In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions · by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It is true that section 858, Revised Statutes of the United States (Comp. St. § 1464), provides, "The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the state or territory in which the court is held," and that this court must give effect to the statute invoked. The referee concludes, and I concur with him, that this is not an action either by or against the executors, administrators, or guardians, nor by or against the heirs or legal representatives of the deceased, and. therefore the statute had no application.

This was an action by plaintiff in her own right to establish her equitable title to property, the bare legal title to which stood in the decedent, and neither the bank nor the trustee could in any sense be held to be the legal representatives of the deceased, in the meaning of the statute. Wootters v. Hale, 19 S. W. 134.

[2] It remains only to inquire whether, from the facts found, plaintiff was entitled to the· relief asked. Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, equity will imply a trust in favor, of the person entitled to the beneficial interest, is settled by overwhelming authority. 26 R. C. L. § 57, p. 1214; Id. § 63, p. 1218; Vickers v. Vickers, 133 Ga. 383, 65 S. E. 885, 24 L. R. A. (N. S.) 1043; Avery v. Stewart, 136 N. C. 426, 46 S. E. 775, 68 L. R. A. 776; Green v. Green, 56 S. C. 193, 34 S. E. 249, 46 L. R. A. 525 . That such a state of facts is established in this case the record leaves no doubt.

[3, 4] It is equally without doubt that an implied or resulting trust is not within the registration statutes; that at common law a judgment lien attaches only to such interest as the debtor has in the property; that the registration statutes subject to the judgment, lien the apparent interest of the debtor only when the person asserting the real, against the apparent, title is a claimant by unrecorded deed; and that judgment and other statutory liens are subordinate to any implied or resulting equitable interest when established. Shear Co. v. Currie (C. C. A.) 295 F. 841; First State Bank v. Jones, 107 Tex. 623, 183 S. W. 874; · Parker v. Coop, 60 Tex. 112; McKamey v. Thorp, 61 Tex. 648; Diltz v. Dodson (Tex. Civ. App.) 207 S. W. 356.

It follows that the petition to review is denied, and the decision of the referee is affirmed.