The findings of fact by the Court of Civil Appeals show, among other things not necessary to state, the following facts: (1) As a result of certain transactions between A. A. and W. L. Brown, the details of which are not necessary to state, the former on the 26th day of February, 1892, was the owner of a certain vendor's lien note for $2000, executed to him on that date by the latter, secured by lien upon certain lots in Wichita County, Texas, conveyed by the former to the latter, for which said $2000 was part purchase money, the deed conveying same and reserving the lien being duly recorded in said county; (2) that on the 29th day of April, 1892, A.A. Brown by instrument in writing duly executed, transferred and delivered said note and all his interest in the land upon which the same was secured to Luzenberg and others for value received, said note being at the time of such transfer endorsed "A.A. Brown;" (3) that on April 30th, 1892, said "Luzenberg and others" transferred and endorsed said note to Mrs. Ida H. Brackett as collateral security for a note executed by them to her for money that day loaned to them by her; (4) that on the 19th day of July, 1893, W.L. Brown by deed duly executed, conveyed to A.A. Brown lots 6, 9, 12 and 15, and the south half of 11 and 14, *Page 46 
as per McCutchens' division of 80 acres out of the Southern Pacific R. R. Co. survey No. 1 in Wichita Falls, Wichita County, Texas, it being a portion of the property formerly conveyed by A.A. Brown to W.L. Brown as aforesaid, and being the property in controversy herein; at some time after the 26th day of February, 1892, and before the 18th day of August, 1894, W.L. Brown, for the accommodation of A.A. Brown, signed and delivered to the latter a duplicate of the note held by Mrs. Ida H. Brackett as collateral as aforesaid and after its execution there were endorsed thereon the following: (1) "A.A. Brown:" (2) "for value received, I hereby transfer and assign to the Southern Building and Loan Association of Knoxville, Tenn., this note together with the lien thereby secured. Leon P. Hale;" and (3) "San Antonio, June 15, 1892. W.L. Brown is not personally liable on this note, being merely an accommodation note (here follow words in the endorsement showing that the lien of the note has been released as to all land except that reconveyed by W.L. to A.A. Brown as aforesaid;" (6) on the first day of October, 1894, A.A. Brown borrowed from the Southern Building and Loan Association $2000, for which he executed his note, and to secure same he at the same time, by trust deed duly executed, conveyed to A.S. James, trustee, the same lands mentioned in said deed of reconveyance from W.L. to A.A. Brown, and at the same time and as a part of the same transaction, A.A. Brown delivered to the Southern Building and Loan Association the promissory note above described as being a duplicate of the one held by Ida H. Brackett, said deed of trust containing a stipulation that the vendor's lien evidenced by the $2000 note reserved in the deed from A.A. Brown to W.L. Brown aforesaid is still a valid and subsisting lien against the property conveyed in the trust deed, and that the original lien and debt are extended and perpetuated on said property, and the holder of said note from A.A. Brown to the Southern Building and Loan Association "is subrogated to all the rights, remedies and liens of the original owners and holders of said vendor's lien;" (7) that said loan by the Building and Loan Association to A.A. Brown was made on the faith of said deed of reconveyance from W.L. to A.A. Brown, the note from W.L. to A.A. Brown above described as being a duplicate of that held by Ida H. Brackett and endorsements thereon, and the trust deed from A.A. Brown to said Association, without any knowledge on the part of said Association, of the existence of the note and lien held and claimed by Ida H. Brackett, the said transfer thereof from A.A. Brown to "Luzenberg and others" not being of record.
This suit was brought by Ida H. Brackett to recover judgment against said "Luzenberg and others" upon the principal note executed by them to her and also to recover judgment upon said note executed by W.L. to A.A. Brown held by her as collateral, and for a foreclosure of the vendor's lien upon all the land described in the deed from A.A. to W.L. Brown as against all the parties to this suit, she claiming such lien *Page 47 
to be superior to that evidenced by the note and trust deed executed as aforesaid by A.A. Brown to the Building and Loan Association.
The Association answered setting up its said note and trust deed and claiming that the lien thereof is superior to that of the collateral note held by Ida H. Brackett, for the reason that it acquired its lien without any notice of the lien or claim evidenced by such note held by Ida H. Brackett as collateral. The court below and Court of Civil Appeals having both sustained the contention of Ida H. Brackett and overruled that of the Building and Loan Association, the latter has brought the case to this court upon writ of error assigning, among various other things not necessary to mention, that said courts erred in holding that its lien is not superior.
In order to determine whether the Loan Association is entitled to protection as being without notice of the fact that A.A. Brown had transferred the note held by Mrs. Brackett, we must view the whole matter from its standpoint at the time its loan was made. It found, (1) A.A. Brown had conveyed the land to W.L. Brown by deed reserving a lien to secure a note for $2000, part purchase money; (2) that W.L. Brown had reconveyed to A.A. Brown, which fact would prima facie extinguish the lien; (3) A.A. Brown, who was fraudulently attempting to induce it to loan him money on the land, concealed from it the fact that he had transferred the note to Luzenberg and others, and Mrs. Brackett's failure to record such transfer paved the way for Brown to completely mislead it, when it proceeded to inquire of him about the $2000 note, by producing the duplicate of same subject to his control. Under these circumstances as they then appeared to the Association it would seem that, when A.A. Brown executed the trust deed upon the land securing the loan and procured the assignment of the duplicate note (which the Association supposed to be the original) to further secure same, everything had been done necessary to fix a first lien on the land, for every title to and claim thereon, as far as the record showed, had been brought in and made subject thereto. The fact that the duplicate note when produced contained the endorsement above set out, to the effect that it was executed for the accommodation of A.A. Brown and that W.L. Brown was not liable thereon, did not indicate that it was not in fact the original lien note referred to and secured in the deed from A.A. to W.L. Brown, nor did it tend to raise any doubt as to A.A. Brown's power to give a first lien on the land to the Loan Association; for if every fact stated in the papers thus presented by A.A. Brown to the Loan Association were true, the legal results would follow, (1) that, by the execution of the note thus endorsed and the deed from A.A. to W.L. Brown, both of which the Loan Association believed to have been executed at the same time as they purported to have been, a lien was thereby created upon the land to secure the note in favor of any future holder thereof, it being immaterial whether it was, as termed by the parties, a vendor's lien, or not; and (2) that A.A. Brown having secured a reconveyance of the land from W.L. Brown *Page 48 
could by executing the trust deed to the Loan Association and procuring the assignment to it of said note so endorsed, create a first lien on the land to secure the contemplated loan. Thus the facts and law appeared to the Loan Association when it paid out its money and took its security in utter ignorance of the real fact that Mrs. Brackett held by transfer the real note referred to in said deed from A.A. to W.L. Brown. If the Loan Association had known of the existence of the note held by Mrs. Brackett as collateral, the lien of its trust deed would have been second to the lien of such note. In the absence of such knowledge, which has preference in law? Under the settled law of this State Mrs. Brackett had the right, when she took the note as collateral, to cause to be filed for record the transfer thereof from A.A. Brown to Luzenberg and others, thereby placing it beyond the power of the Browns to impair her lien or impose upon any other person to whom they might subsequently sell or mortgage the land. She neglected to do so and thereby enabled them to secure from the Loan Association, which had no means of obtaining information as to her claim, a loan upon the land. Under the above facts found by the Court of Civil Appeals both Mrs. Brackett and the Loan Association acted in good faith in attempting to secure their respective claims on the land. The former was negligent, the latter was not. As said by this court through Justice Brown in Moran v. Wheeler,87 Tex. 184: "It was within the power of the plaintiff to have taken a written assignment of the vendor's lien, and to have placed it upon record, as the law required, and thus to have secured himself against the acts of the original owner of the lien. The land and mortgage company had no such opportunity for guarding against the wrong; and it must be held that he who neglects the performance of a duty enjoined, or the exercise of a privilege granted for his security, must suffer the loss, rather than one who was not in a position to secure that protection." Henderson v. Pilgrim, 22 Tex. 464.
We are therefore of opinion, that, under the facts found by the Court of Civil Appeals, the lien fixed by the trust deed is superior to that of the collateral note held by Mrs. Brackett, and that that court and the trial court erred in holding otherwise, for which their judgments, in so far as they failed to fix the lien secured by the trust deed on the land embraced therein as superior to that of the note held by Mrs. Brackett as collateral, are reversed, and the cause remanded for a new trial, but in all other respects their judgments are affirmed.
It will be observed that we place our decision upon the ground that the lien of the Loan Association is based upon the trust deed securing money then loaned, the duplicate note having been transferred as additional security, and not upon a mere purchase of the duplicate note. We express no opinion as to what would be its rights were it merely a holder of such note, as that case is not before us.
Affirmed in part.
 Reversed and remanded in part. *Page 49