ETHERIDGE et al. v. CAMPBELL.

(No. 89-2899.)

(Commission of Appeals of Texas, Section A. Nov. 5, 1919.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ©=249 — BONA FIDE PURCHASER FROM ASSIGNEE WITHOUT KNOWLEDGE OF SECRET EQUITY.

Although the title which an assignee takes under a general assignment for benefit of creditors is no better than that which the assignor had, and generally only such title will pass to a purchaser under the assignee, whether immediate or remote, yet where a purchaser upon the faith of the record pays value, without notice of a secret equity with which the property was affected at the time of the assignment, he acquires such title as the record discloses the assignor owned.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ©=181, 249 — PROPERTY PASSING TO ASSIGNEE WHETHER INCLUDED IN INVENTORY OR NOT.

Under a general assignment for the benefit of creditors, all the property of the debtor, except that exempt from forced sale, passes to the assignee, whether included in the inventory or not, and parties dealing with the property who are not in possession of facts sufficient to put them upon inquiry, have a right to rely upon the record as to its true ownership, so that the transfer of vendor's lien notes, which is within the registration statutes, and which notes purchaser failed to register, will not sustain a claim of transferee's right to the ownership against the innocent purchaser under the general assignment.

3. BILLS AND NOTES ©=351 — PURCHASER OF PAST-DUE NOTE NOT CHARGED WITH SECRET EQUITIES.

The purchaser of a past-due note is charged with notice of any defense which the maker has, but is not charged with notice of the secret equities of third persons.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by J. W. Campbell, Jr., against I. G. Etheridge and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (179 S. W. 1144), and defendants bring error. Judgment of the Court of Civil Appeals and that of the trial court reversed, and judgment rendered for defendants.

Etheridge, McCormick & Bromberg, of Dallas, for plaintiffs in error.

L. W. Campbell and J. C. Muse, both of Dallas, for defendant in error.

STRONG, J. Defendant in error brought this suit against plaintiffs in error in the ordinary form of trespass to try title to two lots in the city of Dallas. The trial in the lower court was without the intervention of a jury, and resulted in a judgment in favor of defendant in error, which was affirmed by the Court of Civil Appeals. 179 S. W. 1144.

Both parties claim under the Dallas Land & Loan Company as a common source. The lots in controversy were on September 22, 1890, conveyed to Hollingsworth Bros. by said company, the consideration being $150 in cash and four notes executed by the grantees, one for the sum of $100, due in six months, and three for the sum of $250 each, due respectively September 22, 1892, September 22, 1893, and September 22, 1894. The deed contained an express reservation of the vendor's lien, and was duly recorded in 1890. The grantees, as additional security, also executed a deed of trust on the property, which was filed for record on September 23, 1890. Hollingsworth Bros. failed to pay the notes, abandoned their contract, and left the state. The Dallas Land & Loan Company on June 9, 1891, made to C. E. Bird, as assignee, a general assignment for the benefit of creditors. Bird, as assignee, on July 21, 1892, deeded to T. L. Marsalis all the property then held by him under said assignment, except certain lots described in the deed, the exception not including the lots in controversy. Marsalis on July 21, 1910, deeded to David Scott the two lots in controversy, which on August 23, 1910, were conveyed by Scott to plaintiff in error, I. G. Etheridge. On June 2, 1913, Marsalis and Scott, by written transfer, conveyed the notes and lien above described to Etheridge. Snodgrass, the trustee in the deed of trust, resigned; and under the authority conferred therein, Etheridge appointed J. L. Addison as substi-

tute trustee. Addison, under the authority conferred in the deed of trust, sold the lots at public sale on July 1, 1913, and Etheridge became the purchaser at the sale.

The defendant in error holds under J. R. Campbell, who purchased the title of Hollingsworth Bros. on May 2, 1912. He also introduced in evidence a release from George J. Bryan, to whom it was claimed the Hollingsworth notes were transferred by the Dallas Land & Loan Company before it made the general assignment for the benefit of creditors, and offered testimony which the Court of Civil Appeals held sufficient to show such transfer. The transfer, however, was not filed for record, and Etheridge had no notice thereof at the time he purchased the notes and lien.

[1] We are of opinion, under the facts stated, that Etheridge was an innocent purchaser of the Hollingsworth notes and lien, and as such entitled to protection. In so far as the record disclosed, the loan company was the owner of the notes, and as such held the superior title to the lots, at the time it made the general assignment for the benefit of creditors. The record title to the notes and lien passed by the assignment to the assignee. It is true, the title which the assignee takes under a general assignment is no better than that which the assignor has, and as a general rule only such title will pass to a purchaser under the assignee, whether immediate or remote. But where a purchaser upon the faith of the record pays value, without notice of a secret equity with which the property was affected at the time of the assignment, he acquires such title as the records disclose the assignor owned. Cantrell v. Dyer, 6 Tex. Civ. App. 551, 25 S. W. 1098.

[2] It is immaterial that the notes were not listed in the inventory. Under a general assignment for the benefit of creditors, all the property of the debtor, except that exempt from forced sale, passes to the assignee, whether included in the inventory or not; and parties dealing with the property, who are not in possession of facts sufficient to put them upon inquiry, have a right to rely upon the record as to its true ownership. The transfer of vendor's lien notes is within our registration statutes. It was within the power of Bryan to have taken a written assignment of the notes and to have placed same of record, thus apprising subsequent purchasers of his rights. Having failed to do this, and Etheridge having acquired the notes through the record owner thereof, without notice of Bryan's claim, he is entitled to protection as an innocent purchaser.

[3] The fact that the notes were past due is immaterial. The purchaser of a past-due note is charged with notice of any defense which the maker has, but is not charged with notice of the secret equities of third persons. Gee v. Parks, 193 S. W. 767. It follows, therefore, that the title acquired by Etheridge to the lots under the sale foreclosing the lien is superior to that claimed by the defendant in error. Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Patty v. Middleton, 82 Tex. 586, 17 S. W. 909; Cantrell v. Dyer, supra; Loan Association v. Brackett, 91 Tex. 44, 40 S. W. 719.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and judgment here rendered for plaintiffs in error.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.