## WOOD et al. v. FRANKLIN LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1927.)

No. 4867.

1. Mortgages ☞426—Mortgagor, mortgagee, and persons acquiring interest subsequent to mortgage are only proper parties to foreclosure suit.

Only proper parties to suit to foreclose mortgage are mortgagor, mortgagee, and those whose interests have been acquired subsequently to date of mortgage.

2. Mortgages ☞426—Persons claiming title by adverse possession superior to mortgagor's title are not proper parties to foreclosure suit.

Parties claiming title superior to lien of mortgage, based on possession adverse to mortgagor for statutory period of limitations, are not proper parties to foreclosure suit.

3. Estoppel ☞68(2)—Defendants held estopped from asserting that they were necessary parties to prior foreclosure suit, contrary to position taken by them in such suit.

Where suit to foreclose mortgage was dismissed as to persons who by answer asserted title by adverse possession superior to lien of mortgage, such persons could not, in subsequent action against them for possession of same land, take an inconsistent position and assert that they were necessary parties to foreclosure suit, and that, being so, they had not lost their equity of redemption.

In Error to the District Court of the United States for the Western District of Texas; Du Val West, Judge.

Action by the Franklin Life Insurance Company against Ellington F. Wood and another. Judgment for plaintiff, and defendants bring error. Affirmed.

W. M. Sleeper, of Waco, Tex. (S. D. Snodgrass, of Temple, Tex., and E. Y. Boynton and Sleeper, Boynton & Kendall, all of Waco, Tex., on the brief), for plaintiffs in error.

Eugene P. Locke, of Dallas, Tex. (Locke, Locke, Stroud & Randolph, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Franklin Life Insurance Company brought suit and recovered judgment for the possession of a tract of land. It traced its title through a deed from defendants, Ellington F. Wood and Mary Ethel Wood, his wife, and the foreclosure of a mortgage executed by their grantee, Willie B. Wood. Defendants were made parties in the foreclosure suit, on the theory that they claimed an interest inferior to the lien of the mortgage, but were dismissed out of that suit upon the filing of their answer, which contained averments to the effect that they were neither necessary nor proper parties, and were improperly joined, because they claimed title superior to the lien of the mortgage, and had been in actual possession, claiming title adversely to the mortgagor for the statutory period of limitations.

The defense set up in the present suit is that defendants were necessary parties to the foreclosure suit, and, being so, they have not yet lost their equity of redemption, and are entitled to remain in possession of the land until it is taken by suit against them. It is unnecessary to state the circumstances under which the mortgage was given, as defendants concede that it constitutes a valid lien, binding upon them.

[1-3] The only proper parties to a suit to foreclose a mortgage are the mortgagor, mortgagee, and those whose interests have been acquired subsequently to the date of the mortgage. Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166. If the answer of defendants in the foreclosure suit was true, their title was superior to the lien of the mortgage, and they were not proper parties. Plaintiff proceeded on the theory that the answer was true. Defendants were thereafter estopped to take an inconsistent position, that would work an injury to the plaintiff, as would be the case if it were forced to bring a new suit to settle a right that was actually involved in its original foreclosure suit.

The judgment is affirmed.