### GOUGH et ux. v. HOME OWNERS' LOAN CORPORATION.

#### No. 3893.

Court of Civil Appeals of Texas. El Paso.

Nov. 23, 1939.

Rehearing Denied Jan. 4, 1940.

John T. Hill, of El Paso, for appellants.

Isaacks & Lattner, of El Paso (S. J. Isaacks, of El Paso, of counsel), for appellee.

HIGGINS, Justice (after stating the case as above).

Jannie Gough acquired the legal title to the lots. The appellee holds under her. The title of the defendant is an equitable one. Bona fide purchasers and lienholders for value, acquiring the title to realty or a lien thereon from the owner of the legal title, are protected against equitable titles such as here asserted by John T. Gough. In order for a holder of such equitable title to prevail against such a purchaser or lienholder, it must be shown the latter acquired their rights with notice, actual or constructive, of the outstanding equitable title. The record here is wholly insufficient to show actual notice of the outstanding equitable title. Nor is the evidence sufficient to put either the City Mortgage or the Home Owners' Loan Corporation upon inquiry which would charge either of them with constructive notice of the outstanding equitable title asserted by John T. Gough. The quotations from the trial court's findings disclose the facts upon which appellants rely as sufficient to constitute constructive notice of the outstanding equitable title. We concur in the ruling of the trial court that such facts were insufficient for the purpose indicated. Johnson v. Bingham, Tex.Civ.App., 251 S.W. 529, affirmed, Tex.Com.App., 265 S. W. 130 and Tex. Com.App., 265 S.W. 884; Strong v. Strong, Tex.Civ.App., 66 S.W.2d 751, affirmed 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739. In this connection it should be further stated the evidence shows that at times the plaintiff and his wife lived in the house upon the property with Mrs. Jannie Gough, but at the time the loan was made by the City Mortgage Company and the deed of trust executed secur-

ing the same, Gough was not living in the home, though he was there for three or four weeks at that time on a visit from Ranger, Texas, where he resided. Under the authorities cited above the casual residence at times upon the property with Mrs. Jannie Gough was not inconsistent with Mrs. Gough having complete legal and equitable title to the lots. In any event, it cannot be said that as a matter of law it charged the City Mortgage Company or the Home Owners' Loan Corporation with constructive notice of the outstanding equitable title. Viewed in its aspect most favorable to the appellants, it raised but an issue of fact as to whether or not, under all of the circumstances reflected by the record, it was sufficient to place the City Mortgage Company or the Home Owners' Loan Corporation upon inquiry, and thus affect them with constructive notice.

This issue the trial court found against appellants and its findings upon the issue should not be set aside.

The judgment is affirmed.

PRICE, C. J., did not participate in the disposition of this appeal.