**DONALD et al. v. DAVIS.**

No. 14910.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 30, 1948.

Rehearing Denied Feb. 27, 1948.

Donald & Donald, of Bowie, for appellants.

T. B. Coffield, of Bowie, and Tom McMurray, of Decatur, for appellee.

McDONALD, Chief Justice.

Paul and J. M. Donald brought this suit against J. W. Davis for title and possession of a nine acre tract of land situated in Wise County. Trial to the court without a jury resulted in a judgment denying plaintiffs a recovery. The court did not file separate findings of fact and conclusions of law, but the judgment contains the following recital:

"* * * and the Court having heard the pleadings, the evidence, and argument of counsel, is of the opinion that Defendant holds record title, through regular chain of conveyances from the Sovereignty, superior to Plaintiffs' title, and also that Defendant and those under whom he claims have been in peaceable and adverse possession, under color of title for more than three years next after Plaintiffs' cause of action accrued, paying all taxes thereon before delinquency, * * *."

Plaintiffs appeal, relying on eight points of error.

The fee title to the land was vested in M. A. Vantine on February 16, 1914, on which date Vantine conveyed the land to J. E. Davis. The chronological order of events after that time is somewhat as follows: On December 18, 1931, J. E. Davis conveyed the land to J. R. Wilson. On January 20, 1932, The First National Bank of Bowie, Texas, recovered a judgment against J. E. Davis and others for the sum of $1217.61. On June 29, 1934, an alias execution was issued on said judgment, addressed to the Sheriff or any Constable of Wise County, which execution was levied on the nine acres in question on July

6, 1934. On August 1, 1934, the deed from J. E. Davis to J. R. Wilson was filed for record. On August 7, 1934, the Sheriff of Wise County sold the land at execution sale to said First National Bank of Bowie, and on the same day executed a sheriff's deed thereto. Said sheriff's deed was filed for record on October 24, 1934. Said Bank executed a conveyance of said land to J. W. Davis, defendant in the present suit and appellee in this court, on January 10, 1935, which deed was filed for record on January 14, 1935. J. R. Wilson executed a conveyance of said land to Paul and J. M. Donald on October 19, 1939, which was filed for record on October 21, 1939. The deeds from Vantine to Davis, Davis to Wilson, and Wilson to the Donalds, are in the usual form of general warranty deeds. The deed from the Bank to J. W. Davis does not contain an express covenant of warranty, but is an unqualified conveyance of the fee title, and contains a special provision which will be noted later. Other pertinent facts will be mentioned in our discussion of the several points of error.

The complaint made under the first point of error is in substance that the court erred in rendering judgment for defendant because the description of the land contained in the sheriff's return on the execution is insufficient to locate and identify the land levied upon. The complaint made under the second point is that the evidence fails to show that a valid levy of execution was made in that there was not shown any entry on an execution docket, the return was shown not to have been made until the next day after the sheriff's sale, the sheriff's return was actually written by the attorney for the judgment creditor, and the return did not describe the land which was described in the sheriff's deed.

Both points of error are overruled. The Bank's attorney testified that he wrote out the sheriff's return the day after the sheriff's sale. The return describes the land as being:

"Nine (9) acre tract of land in Falls County School Land, and being out of the N. E. Corner of a tract now owned by J. W. Davis and particularly described in advertisement attached hereto."

Attached to the return by staples was a purported copy of notice of execution sale, which contained the number and style of the suit, the date of the judgment and the names of the judgment creditor, and the judgment debtors, the date the levy was made, the date the sale was to be made, and other information including a metes and bounds description of the land in controversy. The sheriff's deed recites that the land therein conveyed, which is the land now in controversy, was levied upon on July 6, 1934.

In the first place, we find no irregularities in the sheriff's return. It was immaterial whether he or some other person actually wrote the return, so long as the sheriff signed it and adopted it as his official act. It was also immaterial that it was written up after the sale was made. The description contained in the return, by reference to the attached instrument, was a correct description of the land, and if it was not, the sheriff's deed contained a correct description, which was sufficient to pass good title at the execution sale. The authorities in support of these statements are numerous, but see: Coffee v. Silvan, 15 Tex. 354, 65 Am.Dec. 169; Willis v. Smith, 66 Tex. 31, 17 S.W. 247; Holmes v. Buckner, 67 Tex. 107, 2 S.W. 452; Houston Oil Co. of Texas v. Randolph, Tex.Com.App., 251 S.W. 794, 28 A.L.R. 926; Griggs v. Montgomery, Tex.Civ. App., 22 S.W.2d 688; Downs v. Wagnon, Tex.Civ.App., 66 S.W.2d 777, writ dismissed; and Tyler v. Henderson, Tex. Civ.App., 162 S.W.2d 170, writ refused, w. o. m.

The substance of the contentions made under the third and fourth points of error is that the evidence establishes without dispute that appellee is not entitled to claim the land as an innocent purchaser for value under the recording laws.

As has been stated, the execution was levied on July 6th, the deed from J. E. Davis to Wilson was filed for record on August 1st, and the sheriff's sale was made on August 7th, all in the year 1934. Under the provisions of art. 6627, as interpreted by the decisions, the unrecorded deed from Davis to Wilson was void as to

574

the Bank unless the Bank had notice of the unrecorded deed at or prior to the time of the levy of execution on July 6, 1934, and the burden rested on plaintiffs to prove that the Bank had such notice at the time of levy of execution. Ives v. Culton, Tex. Com.App., 229 S.W. 321; Henderson v. Odessa Building & Finance Co., Tex.Com. App., 24 S.W.2d 393; Segrest v. Hale, Tex. Civ.App., 164 S.W.2d 793, writ refused, w. o. m. It is not enough to prove that the purchaser at execution sale had notice of the unrecorded deed at the time of sale, but it must be shown that he had such notice at the time of levy of execution. 36 Tex.Jur., page 561, and cases there cited. Also, it is not enough in the present case to show that appellee Davis had notice of the unrecorded deed when he purchased the land from the Bank, because, if the Bank was without notice of the unrecorded deed at the time of levy of execution, it acquired good title, and could convey good title, even to one who did know of the unrecorded deed. " * * * a purchaser from a bona fide purchaser takes good title, though he is not an innocent purchaser." 36 Tex.Jur., p. 571. To overcome the effect of these rules, and the inferences which must be indulged in favor of the judgment rendered by the trial court, the evidence would have to show without dispute that the Bank knew of the unrecorded deed at the time of the levy of execution. Appellee contends, with some reason, that the undisputed evidence shows otherwise. But in any event we would be justified only in saying that there is some conflict in the evidence, in view of which the contentions of appellants must be overruled.

Appellants consider it a circumstance of controlling importance that in the deed from the Bank to appellee there was a provision to the effect that the Bank would repay to appellee all money paid by him to the Bank on the purchase if within three years appellee should lose the property by reason of any defect in the title. At best, this was only a circumstance to be considered along with all other facts and circumstances shown by the evidence. Even if the Bank and appellee both knew of the unrecorded deed when the Bank sold

to appellee, plaintiffs would not be entitled to recover unless the Bank knew of it at the time of the levy of execution, as is said above.

While we have discussed for the purpose of illustration the effect of notice of an unrecorded deed at the time of execution sale, as distinguished from notice of an unrecorded deed at the time of levy of execution, the inquiry in this particular case is actually narrowed to the question of notice at the time of the levy of execution, because all parties concerned had constructive notice of the deed from Davis to Wilson after it was filed for record on August 1, 1934.

What has already been said is applicable to the fifth, sixth, seventh and eighth points of error. They are overruled.

The judgment of the trial court is affirmed.