REAGAN v. ANDREWS et al.

No. 15253.

Court of Civil Appeals of Texas.
Fort Worth.

June 1, 1951.

Rehearing Denied June 29, 1951.

250

Chas. M. Cocke, of Fort Worth, for appellant.

Richard Owens, of Fort Worth, for appellees.

CULVER, Justice.

Appellant Reagan sued appellees Leola Andrews and husband for title and possession of two adjoining lots of land in Fort Worth. The trial court rendered judgment for appellees on an instructed verdict. Appellant presents nineteen points of error, under which are raised the questions herein discussed.

It appears without dispute that William Cofield is the common source of title, the land having been conveyed to him in the year 1925. Although appellant argues that appellees are not entitled to treat Cofield as the common source of title, it clearly appears from the record that the case was tried by all parties on the theory that Cofield was the common source of title, and appellant himself made no effort to prove title from the sovereignty of the soil.

On February 14, 1931, Cofield executed a deed conveying the land to appellant Reagan but the deed was not filed for record until June 1, 1950. On November 29, 1944, Cofield executed and delivered another deed to the land, in which the grantee was described as "Mrs. J. L. Stuckert, Trustee for Crown Investment Company." This deed was filed for record in the following month, and on June 18, 1945, Mrs. Stuckert executed a quitclaim deed to the property naming the appellee Leola Andrews as grantee. Both in the body of

the deed and in the signature Mrs. Stuckert was referred to as "Mrs. J. L. Stuckert, Trustee." Shortly thereafter, appellee Andrews built a small house on the lots. Before that time the lots had been vacant.

We shall discuss the several contentions which appellant makes without undertaking to set out in detail each of his nineteen points of error.

The first contention presented under several points of error is to the effect that the deed from Cofield to Mrs. Stuckert as trustee was void and ineffective for any purpose because it was an attempted conveyance to her as trustee for Crown Investment Company, a corporation which had been dissolved prior to the time of said deed.

The record shows that there had theretofore been in existence a corporation bearing the name of Crown Investment Company, and that Mrs. Stuckert at one time was secretary of the corporation. The corporation was dissolved by unanimous action of its stockholders on August 16, 1943. Mrs. Stuckert testified without dispute, and there was other evidence in the record to corroborate her testimony, that at the time she received the deed from Cofield in 1944 she and her three children were partners in a concern bearing the name of Crown Investment Company, and that she executed the deed to appellee Andrews under authority of a power of attorney from the other partners. She testified that the articles of partnership had been prepared by attorneys, and that an assumed name certificate had been properly filed. At the time she testified to these facts no objection was made to her testimony, although appellant later filed a motion to strike her testimony on the ground that the writings themselves would be the best evidence, and appellant claims here that there is no evidence of such partnership and that we should treat the evidence as showing that the partners were operating in violation of law by not having filed an assumed name certificate, as required by Articles 1067–1070 of the Penal Code.

Appellant also contends that the deed to Mrs. Stuckert, granting that it was for the benefit of said partnership, should be held

void on the ground that the partners, in doing business under the name of the former corporation, were violating the provisions of Article 141 of the Penal Code, which provides that in cases where the charter or right to do business of a corporation has been forfeited, it shall be unlawful for stockholders or officers of the corporation to do business under the corporate name.

Under the undisputed evidence it must be held that the deed from Cofield to Mrs. Stuckert was not an attempted conveyance to the dissolved corporation. There is nothing in the deed itself to suggest that Mrs. Stuckert received title as trustee for the dissolved corporation, and, as we have said the evidence shows without dispute that she took title as trustee for the partnership and that partnership funds were used to pay for the lots.

█ In the first place there is no evidence to show a violation of the assumed name law. If there was any illegality in the transaction in this respect, the burden was on appellant to prove the facts showing the illegality. Also, appellant's claim of illegality must fail because appellees were able to show their title without disclosing any illegality with respect to failure to file an assumed name certificate. Hall v. Edwards, Tex.Com.App., 222 S.W. 167; Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W.2d 908; Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146; Redgrave v. Wilkinson, Tex.Civ.App., 208 S.W.2d 150, writ ref., n.r.e.

For the same reason if for no other, it must be held that appellees' title is not defeated by the illegality, if any, arising out of the fact that Mrs. Stuckert and the other partners did business under the name of the dissolved corporation. Appellees did not have to disclose this alleged illegality in proving their title.

█ Appellant argues that the proof shows that he was in possession of the lots for fourteen years, from 1931 until the time appellees took possession in 1945, and that he thus established title under the ten year statute of limitation, Article '5510, R.C.S., without having to rely on the unrecorded deed from Cofield.

It is undisputed that the lots were vacant until the time appellees built their house on the lots. Appellant made a general statement to the effect that he was in possession of the lots from 1931 until the time they were conveyed to appellee Andrews, but on cross examination admitted that the lots were vacant, that he had only seen the lots a few times during that entire period, and that he had not been to the lots at all for six or eight years before the time appellee Andrews took possession. From his own testimony it conclusively appears that he had no such adverse possession of the lots as would satisfy the requirements of Articles 5510 and 5515. It is plain that his act in merely going out to look at the lots was not, to quote the language of Article 5515, "an actual and visible appropriation of the land". There is nothing in appellant's testimony to show that he enclosed the land, actually occupied it, cultivated it, or performed other visible and notorious acts of ownership such as would give notice to any one of adverse possession.

█ Appellant argues that appellee Andrews cannot claim as an innocent purchaser because she holds under a quitclaim deed from Mrs. Stuckert. The evidence shows without dispute that Mrs. Stuckert purchased under a warranty deed without notice of appellant's claim. A purchaser from a bona fide purchaser takes good title, even though the subsequent purchaser is not an innocent purchaser. Laffare v. Knight, Tex.Civ.App., 101 S.W. 1034; Donald v. Davis, Tex.Civ.App., 208 S.W.2d 571, writ refused.

█ Complaint is made of the insufficiency of appellees' evidence to show the amounts expended for improvements on the land. This is immaterial in view of the judgment in favor of appellees for title to the land.

After carefully examining the entire record and after considering all of appellant's points of error and the argument thereunder, it is our opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

Judgment affirmed.