**KIRBY LUMBER CORPORATION,**
Appellant,

v.

**John W. WILLIAMS et al.,** Appellees.

No. 15465.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1956.

Rehearing Denied April 24, 1956.

Claude C. Roberts, Houston, Tex., Fountain, Cox & Gains, Houston, Tex., for appellant.

James R. Cornelius, Jr., Lufkin, Tex., Collins, Garrison, Renfrow & Zeleskey, Lufkin, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for the title and possession of a fractional interest in a 100 acre tract of land in Jasper County, Texas, which had been deeded by the agreed common source of title, W. W. McBryde, to one R. J. Williams during the lifetime of his first wife, Emma Barrow Williams, the mother of the defendants.

The claim was that, by the acquisition by the First National Bank of Jasper of notes secured by a deed of trust lien, given after the death of his first wife by R. J. Williams, and the purchase of the property in the foreclosure suit, to which after the death of Williams the defendants were made parties as his heirs, the bank had acquired the legal title of the defendants, as heirs of their father, and also the equitable title, which they had inherited from their mother.

This claim took two forms. The first was that, since the defendants to this suit were defendants to the foreclosure suit and judgment was rendered against them for debt and foreclosure, the sheriff's deed passed all of their title to the bank. The second was: that the bank was a purchaser for value of the deed of trust lien upon the land in controversy and the debt secured thereby and, therefore, of the title to the land at the sheriff's sale, without notice of the equitable title of the children of Emma Barrow Williams; and that plaintiff succeeded to its status or rights as such.

The defendants, on the other hand, asserting the equitable title of their mother, insisted that neither plaintiff nor any of its predecessors in title was, or could claim to be, a bona fide purchaser for value without notice of their interest, and that it was not divested out of them by the foreclosure proceedings and the sheriff's deed thereunder.

Tried to the court without a jury, the case was submitted upon written briefs and arguments, and the district judge, in a full and thorough opinion,[1] stated the facts and set out the record title, one link in which was a quitclaim deed from the bank to Mrs. Cleona Trotti, through whom plaintiff claims.[2] Canvassing the

---

1. Kirby Lumber Corp. v. Williams, D.C., 124 F.Supp. 456, 462.

2. The district judge thus setting out the contention of the plaintiff, that the bank, under whose foreclosure it claimed title, was a bona fide purchaser of the land and the property:

"That since, at the time of the execution of the Williams notes and the deed of trust given to secure the payment of same, above referred to, at the time of the institution of the foreclosure proceedings in the District Court of Jasper County, Texas, above referred to, and at all times subsequent the legal title to the land in question was vested in R. J. Williams and those holding under him and the heirs of Emma Barrow Williams subsequent to the death of Emma Barrow Williams had only an equitable title, the Defendants had the burden of showing that Kirby Lumber Corporation and its predecessors in title either had notice of this equitable title or did not purchase for a valuable consideration." disposed of it as follows:

"As a general proposition this contention is correct. However, it is firmly established in Texas jurisprudence that the holder of a title in which there appears, however remote, a quitclaim deed cannot be an innocent or bona fide purchaser as against an outstanding title or secret trust or equity existing at the time the

contentions of the parties and determining that because of the existence in plaintiff's chain of title of this quitclaim deed, plaintiff could not assert the claim of innocent or bona fide purchase, he denied plaintiff a judgment against defendants as to the interest in the tract inherited from Emma Williams.

Appealing from that judgment, plaintiff is here insisting that, under Laffare v. Knight, Tex.Civ.App., 101 S.W. 1034, Donald v. Davis, Tex.Civ.App., 208 S.W.2d 571, and Regan v. Andrews, Tex. Civ.App., 241 S.W.2d 249, the court erred in so holding, and the judgment must, therefore, be reversed; and further that, upon the undisputed facts of record, the equitable title of defendants was divested by the foreclosure sale and, if not, the defendant bank, through whom plaintiff claims, was an innocent purchaser for value of the lien and title, and judgment must be here rendered in appellant's favor.

█ Appellees, conceding, as indeed they must, that the court erred in holding that, because of the quitclaim deed executed by the bank, plaintiff could not make the claim of innocent purchase, yet insists, upon the authority of Faubion v. Rogers, 66 Tex. 472, 1 S.W. 166; Linder v. Thomas, Tex.Civ.App., 228 S.W.2d 300; Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147; Walraven v. Farmers' & Merchants' Nat. Bank, Tex.Civ.App., 53 S.W. 1028, and Wood v. Franklin Life; 5 Cir., 17 F.2d 80, that the district judge was right in holding that defendants' title under Emma Williams was not put in issue in, and was not affected by, the foreclosure proceeding, and in further finding as a fact that when the notes and deed of trust were executed by Williams to the Jasper Mercantile Co., the grantees therein knew of the death of his first wife leaving children surviving her. They further argue that, though the district judge did not make a finding that the bank did not acquire the notes and

lien as a bona fide purchaser, the evidence not only justified but required such a finding because (1) the bank, not having taken an assignment of the lien, did not acquire the legal title to it, (2) it showed as matter of law that the bank knew, or was charged with knowledge, of the existence of the equitable title in these defendants, and (3) having purchased the notes after maturity, the bank was not a purchaser in due course, and it took the notes and lien, as the mercantile company had taken them, charged with notice of any defects in the title to, and defenses against, them, and that this included notice of secret equities in the title to the property secured by the lien.

The opinion of the district judge fully and correctly sets out the facts and states the issues, and we can, without restating them, proceed directly to a determination of the questions this appeal raises. We shall do this, where the district judge has made a determination and expressed an opinion, by stating our agreement or disagreement with his views, and, where he has not, by making and stating ours.

█ Upon its first contention so vigorously argued by the appellant, that, because in the foreclosure proceeding the judgment was against those sued as defendants in this cause for the amount of the debt sued for and for foreclosure of the lien for that amount against the property described, it must be held that the district judge erred in holding that the judgment, execution, order of sale, and sheriff's deed did not pass to the bank their interest as heirs of their mother, we are in no doubt that Faubion v. Rogers, 66 Tex. 472, 1 S.W. 166 and the other cases cited, supra, settle the law to the contrary. This is not only because of the general rule established by the cases, that "The only proper parties to a suit to foreclose a mortgage are the mortgagor and mortgagee and those

whose interests have been acquired subsequently to the date of the mortgage", but because, in the amended petition by which, upon the death of their father, the original defendant in the foreclosure suit, the defendants in this cause were brought into it, the defendants were sued and judgment was sought against them as children and heirs at law of R. J. Williams, their father. While, therefore, as was held in Walraven v. Farmers & Merchants Nat. Bank, supra, if it had been shown that the defendants' title, as heirs of their mother, was in fact litigated in the cause, it would be proper to hold that the validity of that title was now res judicata, there is no basis under the pleading and record in this case for the claim that the title they took from their mother was, or could have been, there litigated and adjudicated against them. Finally appellant's reliance on McDonald v. Powell Lumber Co., Tex.Civ.App., 243 S.W.2d 192, will not do for Gilbert McDonald, Jr., was, as maker of the notes, a primary defendant.

Finding ourselves also in agreement with the district judge's finding that the Jasper Mercantile Company, from whom the bank acquired the note and lien, was on notice of the death of Emma Williams and of the equitable title in her children, we come to the three contentions of appellees numbered 1, 2, and 3 above, on which the district judge made no determination but which are determinative of this appeal.

◼ Of the first of these, that because the lien was not assigned to the bank it acquired not the legal but the equitable title to the lien, it is sufficient to say that this contention "ignore[s] the settled principle that a mortgage securing a negotiable note is but an incident to the note and partakes of its negotiable character", West v. First Baptist Church, 123 Tex. 388, 71 S.W.2d 1090, at page 1098, and that "The rule is fully recognized in this state that a mortgage to secure a negotiable promissory note is merely an incident to the debt, and passes by assignment or transfer of the note. * * The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Van Burkleo v. Southwestern, Tex.Civ.App., 39 S.W. 1085, 1087.[3] Cf. Gough v. Home Owners Loan Corporation, Tex.Civ.App., 135 S.W.2d 771. The controlling rule is perhaps nowhere better or more authoritatively stated than by Mr. Justice Greenwood in Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447, at pages 276–278. There, disapproving the earlier opinion of the court, reported in Tex.Com.App., 206 S.W. 928, the court withdrew it, and in contrast to the reliance in the earlier opinion on Moran v. Wheeler, 87 Tex. 179, 183, 27 S.W. 54, flatly held, "The bona fide purchaser has the same right to rely on an incidental and inseparable lien as on any other feature of a negotiable note." [110 Tex. 271, 219 S.W. 448.] In West v. First Baptist Church, 123 Tex. 388, 71 S.W.2d 1090, Mr. Justice Smedley quotes from and relies fully on these pronouncements, while in Continental Nat. Bank v. Conner, 147 Tex. 218, 214 S.W.2d 928, at page 933, Mr. Justice Garwood cites and relies upon both opinions.

◼ The second of these contentions, that the record contains evidence showing or tending to show that when the bank acquired the notes it knew as a fact or, otherwise than as the purchase of the notes after maturity had this effect, was charged with knowledge that, though Williams held and could convey the legal title to the whole of the mortgaged property, the equitable title to one-half of it was held by him for the defendants as the heirs of his deceased wife, is no better taken. Indeed, we think it is completely without merit. This is so because, putting aside for the moment the fact that the bank took the notes after maturity from one who was charged

---

3. The excellent opinion in this case correctly analyzes and states the law as it is later restated by the Supreme Court in Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447, and will repay reading in full.

with notice of defendants' title to the land, there is no evidence in this record which, under the governing principles,[4] shows or tends to show that the bank was not a good faith purchaser of the deed of trust and mortgage. We think it clear, then, that unless appellees' third contention requires an answer in their favor, the judgment must be reversed and here rendered for appellant.

When we come, however, to appellees' third contention, the effect of the purchase of the paper after maturity upon the claim of innocent purchase of the lien securing the notes, we think it clear that the matter stands quite differently. For though there are expressions in opinions dealing with the general question under different states of fact which seem irreconcilable, the later decisions of the Supreme Court, particularly Pope v. Beauchamp, West v. First Baptist Church, and Continental National Bank of Fort Worth v. Conner, supra, have not merely established a trend in the direction of clarifying the law but have definitely settled that it is as contended by appellees.

Because this is so, it will be unnecessary for us to do more than, by quoting briefly from some of the cases, to point up the conflict and confusion in the law and its final clarification.

On its part, appellant, quoting from 6 Tex.Jur. 706, par. 92:

"One who takes after maturity is therefore not a holder in due course. He takes the paper charged with notice of and subject to all the defenses which might have been asserted against his transferor, and in the absence of circumstances giving rise to an estoppel preventing the interposition of such defenses. *The transferee is not, however, charged with notice of secret equities of third persons.*" (Emphasis supplied by appellant.)

cites Patty v. Middleton, 82 Tex. 586, 17 S.W. 909; Love v. R. S. Allday Supply Co., Tex.Civ.App., 106 S.W.2d 830; Gee v. Parks, Tex.Civ.App., 193 S.W. 767; Etheridge v. Campbell, Tex.Com. App., 215 S.W. 441; and Little v. Shields, Tex.Com.App., 63 S.W.2d 363. Others not cited by appellant but making the same distinction between note and lien which appellant seeks to make as to the rights of a bona fide purchaser of the note, are Wood v. Sparks, Tex.Com.App., 59 S.W.2d 361, 362,[5] and Hill v. Engel, Tex.Civ.App., 89 S.W.2d 219, 221.[6] Each of these involved a mechanic's lien, one incidental to a non-negotiable, the other incidental to a negotiable, note, and each, though it did not involve the purchase

---

4. Patty v. Middleton, 82 Tex. 586, 17 S. W. 909; Love v. R. S. Allday Supply Co., Tex.Civ.App., 106 S.W.2d 830, and cases cited; Gough v. Home Owners, Tex.Civ. App., 135 S.W.2d 771; Hall v. Wilson, Tex.Civ.App., 215 S.W.2d 204.

5. "It is the settled law of this state that when a lien is taken on land to secure a negotiable promissory note, the note itself is a negotiable instrument, and can be transferred and treated as such, *but the negotiable quality of the note does not govern as to the lien securing it.* On the other hand, it is a settled rule of this state that the law of notice controls for the purpose of determining the rights of the parties as regards the lien. Henderson v. Pilgrim, 22 Tex. 464; Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Rogers v. Houston, 94 Tex. 403, 60 S.W. 869; Lewis v. Ross, 95 Tex. 358, 67 S.W. 405; Pope v. Beauchamp, Tex.Com.App., 206 S.W. 928." (Emphasis supplied.)

6. " * * * He introduced evidence sufficient to prove that he purchased the note, which by its terms was negotiable, before its maturity, and it may be conceded that in the absence of evidence to the contrary, the holder of a negotiable note is presumed to be a good-faith purchaser for value and without notice, and that his right to judgment for the debt evidenced by the note *is not affected by the undisclosed equities between prior parties; but this rule of commercial law prevails merely for the purpose of facilitating the transfer of negotiable paper and applies only to the maker's personal obligation to pay the debt. It does not govern the right to enforce the lien.* Wood v. Sparks, Tex.Com. App., 59 S.W.2d 361, pars. 3 and 5, and cases there cited; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; First National Bank of Muscogee v. Campbell, 24 Tex.Civ.App. 160, 58 S.W. 628." (Emphasis supplied.)

of past due paper, did seek to draw the the distinction appellant seeks to make between note and lien. To the same effect is the statement in Moran v. Wheeler, supra [87 Tex. 179, 27 S.W. 55] "its negotiable quality does not govern as to the lien, but the law of notice becomes the controlling rule for determining the rights of the parties."

Conceding that, as between the transferor and the transferee of the note in this case, the Jasper Mercantile Co. and the First National Bank of Jasper, the bank, because it acquired the notes after maturity, cannot claim as a holder in due course, appellant insists that the rule is otherwise as to the lien and the secret equities in third persons not connected with the issuance or transfer of the paper. Arguing with confidence and vigor that the fact, that the Williams notes were past due at the time of the pledge or assignment to the bank, and the bank was not a holder in due course of the notes, is not material to the controversy between the bank and the defendants as to their secret equities in the land, it quotes from Gee v. Parks, 193 S. W. at page 770:

"It is contended by appellant that appellee is affected with the equity of Mrs. Gee, for the reason that the note which he purchased from the trustee in bankruptcy was past due. The purchaser of a past-due note takes it with notice of any defense to the note which the maker may have, but does not take it with notice of the secret equities of third persons. * * *"

from Etheridge v. Campbell, 215 S.W. at page 442, which, stating "The fact that the notes were past due is immaterial", and quoting the above from Gee v. Parks, concludes as follows:

"It follows, therefore, that the title acquired by Etheridge to the lots under the sale foreclosing the lien is superior to that claimed by the defendant in error. Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Patty v. Middleton, 82 Tex. 586, 17 S.W. 909; Cantrell v. Dyer, [6 Tex.

Civ.App. 551, 25 S.W. 1098]; [Southern] Building & Loan Ass'n v. Brackett, 91 Tex. 44, 40 S.W. 719."

and from Little v. Shields, Tex.Com. App., 63 S.W.2d 363, 366:

"If we assume that Little purchased the past-due notes and that that alone was the transaction, he would be charged only with notice of any defense which the makers had but not with notice of secret equities of third parties. Etheridge v. Campbell, Tex.Com.App., 215 S.W. 441."

Arguing that this must be so because the burden is on the parties asserting the equitable title to show that, when the legal title to the mortgage was acquired, the purchaser had notice of the secret equity or that he did not pay value, it further bases its argument, inconsistently here we think, upon the proposition put forward by it in another connection and earlier discussed by us, that a mortgage to secure a negotiable promissory note is merely an incident of the debt and passes by assignment or transfer of the notes.

On their part, insisting that the Gee, the Etheridge, and the Shield cases, supra, relied on by appellant, were not correctly decided and do not correctly state the law of Texas, appellees cite Van Burkleo v. Southwestern, supra; Seay v. Fennell, 15 Tex.Civ.App. 261, 39 S.W. 181; Smith v. New Waverly State Bank, Tex.Civ.App., 76 S.W.2d 201; Mauritz v. Bell, Tex.Civ.App., 81 S.W.2d 730; and Anglin v. Cisco Mortgage Loan Company, 135 Tex. 188, 141 S.W.2d 935, 941. In the last cited case, the court, expressly approving Smith v. New Waverly State Bank, supra, declared that "plaintiff was in no better position than was the bank to assert its bona fides as holder of the purported vendor's lien notes, for the reason that at the time it acquired these notes by transfer from the bank, one of the notes was past due." In addition, they cite Hill v. The Praetorians, Tex. Civ.App., 219 S.W.2d 564, and last but by no means least Continental Bank v. Conner, supra, in which the Supreme

Court of Texas, canvassing the cases and distinguishing the cases dealing with attempts to bind a homestead, such as Murphy v. Williams, 103 Tex. 155, 124 S.W. 900, was and many other cases cited on both sides were, has flatly held on the authority of Pope v. Beauchamp, supra, and the other cases it cites, that the holder in due course of a negotiable note is also the holder of the lien securing it without notice of secret equities, while the purchaser of such note after maturity is not.

Upon principle [7] and upon the authority of the Conner case, and the cases it cites and relies on, and the other cases cited by us above, we are of the opinion and hold, paraphrasing the language of the Supreme Court in the Anglin case, above, that the bank not being a holder in due course of the notes securing the lien, was in no better position than was its transferor, the mercantile company, to assert bona fides as holder of the lien for the reason that, at the time it acquired the notes from the company, at least some of the notes were past due.

The judgment was right and it is affirmed.

---

7.  Cf. Carpenter v. Longan, 16 Wall. 271–277, 21 L.Ed. 313.